STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

Edwin J. MANLEY et al., on the
exceptions of: M. K. Duebbert,
Parcel 172, Defendant,

and

Edith L. Munday, Parcel 173,
Defendant-Appellant.

No. 35751.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 22, 1977.

Motion for Rehearing or Transfer
Denied March 31, 1977.

W. W. Sleater, St. Louis, Robert C. Jones, Clayton, for defendants-appellants.

Donald L. Spry, Kirkwood, for plaintiff-respondent.

DOWD, Judge.

A condemnation suit. On October 24, 1961, following the initial hearing, condemnation was ordered and commissioners appointed to assess damages sustained by defendants. Both plaintiff, hereinafter referred to as the state, and defendant Munday filed exceptions to the commissioners' damage award in March, 1962. Ten years later, in February, 1972, the state set its exceptions for trial. Defendant Munday filed a motion to dismiss the state's exceptions for failure to prosecute, which was overruled. The trial court entered judgment against defendant Munday for a total sum of $937.00, the amount by which the commissioners' award exceeded the jury verdict, together with interest at the rate of 6% per year from May 15, 1962, the date of payment of the award. Defendant Munday appealed.

The state's motion to dismiss the appeal contending non-compliance with Rule 84.-04(d) is denied.

The question to be decided on this appeal is whether the trial court erred in denying defendant Munday's motion to dismiss the state's exceptions for failure to prosecute. Numerous other points of error are raised by appellant, but resolution of this question makes it unnecessary to reach the others.

We believe that *City of Jefferson v. Capital City Oil Co.,* 286 S.W.2d 65 (Mo. App.1956), which held that 5 years and 4 months was an unreasonable delay in prosecution of a city condemnor's exceptions, absent a valid excuse for the delay, is controlling authority on the issue. In that case the court, affirming the dismissal below, noted that the decision to dismiss for failure to prosecute is a discretionary one with the trial judge, not to be disturbed on appeal unless such discretion is abused. The present case comes to us in a different posture, and, mindful of the deference due the trial court in a discretionary ruling, we are reluctant to reverse the order below denying defendant's motion for dismissal. However, we are compelled to reverse when discretion is abused, as we find to be the case here. The exceptions had been pending for 10 years, nearly twice the time found to be unreasonable delay in *City of Jefferson,* supra. The trial court did not give any reasons for failing to grant the motion to dismiss in the light of such a lengthy delay. Nor does our examination of the record reveal any valid excuse for the 10 year delay. We find the state's excuses for the delay to be without merit.

The state contends that its delay is justified by: 1) the fact that one parcel of land was the subject of a suit to quiet title from the time of filing the condemnation petition until August, 1967, 2) the failure of appellant to notify the state of the termination of that litigation, and 3) the failure of appellant to pursue his own exceptions. No reasons are given by the state to explain why the suit to quiet title necessitated delay in prosecuting its exceptions. Both parties to the suit to quiet title were made defendants in the condemnation suit; which of the parties would choose to defend in the trial on the exceptions should not have concerned the state. The only issue at a trial on exceptions is the amount of compensation to be awarded for the taking, *State ex rel. State Highway Comm'n v. Harris,* 417 S.W.2d 29, 31[2] (Mo.App.1967); *City of Jefferson,* supra at 69[5], and this determination can be made without a final decision as to who holds title to the property. Condemnation suits would needlessly remain pending indefinitely if the state delayed prosecution on its exceptions every time title to the land taken is in dispute. It is noted that the quiet title action was terminated in August, 1967 and it was not until 4½ years later (February, 1972) that the state set the exceptions for trial. Neither do we agree with the state's contention that defendants had an obligation to notify the state of the termination of the suit to quiet title. The state had the responsibility to pursue its own lawsuit without relying on defendants to notify it of a matter of public record. The state's third point was addressed in *City of Jefferson,* supra at 69, where the court held that the fact that the defendant had filed exceptions did not have any bearing upon his right to move for dismissal for failure to prosecute.

Our appellate courts have frequently pointed out that the volume of cases filed requires courts to dispose of cases with reasonable promptness in order to avoid a backlog which subjects litigants to unreasonable and excessive delay in having their cases heard. With this caveat in mind, we hold that the 10 year delay in prosecution is an unreasonable delay for which the state has not presented a valid excuse, and that under these circumstances, the trial court's failure to grant defendant's motion to dismiss was an abuse of its discretion.

Accordingly, the judgment is reversed and the case remanded to the trial court for entry of a judgment of dismissal for failure to prosecute.

CLEMENS, P. J., dissents in separate opinion.

WEIER, J., concurs.

CLEMENS, Presiding Judge, dissenting. I would affirm.

I dissent because the majority opinion does not afford the trial court the deference we owe it on a discretionary ruling. By the majority opinion this court reverses the State Highway Commission's judgment on the ground the trial court should have dismissed its exceptions for failure to prosecute. Our decision reverses plaintiff's judgment on the sole ground of its untimely failure to prosecute, this on the strength of *City of Jefferson v. Capital City Oil Company,* 286 S.W.2d 65[2] (Mo.App.1956).

I disagree with the majority's statement that *City of Jefferson* is controlling. That case was the converse of ours. There, the trial court *dismissed* the cause and the court of appeals *affirmed* that as a discretionary ruling. Here, conversely, the trial court *refused* to dismiss the cause—and we *reverse* that discretionary ruling. Here, in contrast to *City of Jefferson,* the trial court *denied* the motion to dismiss. Our opinion declares the trial court thereby abused its discretion. The sole basis for so holding is that the plaintiff's ten-year delay was *ipso facto* unreasonable despite the fact defendants equally participated in that delay.

In exercising its discretion, the trial court here could and did take into consideration other factors in the case. As said in *Schreck v. Parker,* 388 S.W.2d 538[10] (Mo.App.1965): "Whether any given case should be dismissed for want of prosecution does not depend solely upon the length of time during which the case has been pending [17 Am.Jur., Dismissal, etc., § 77, l.c. 152] but must be determined, in the exercise of a sound judicial discretion, upon all of the facts and circumstances of that particular action."

When the law vests a trial court with the right and duty to rule discretionary matters, as it does in dismissals for want of prosecution, its ruling must be upheld "unless there has been arbitrary or oppressive exercise or palpable abuse of that discretion." *Levee District No. 4 of Dunklin County v. Small,* 281 S.W.2d 614[6–10] (Mo.App.1955). And, in *Kasper v. Helfrich,* 421 S.W.2d 66[1–5] (Mo.App.1967), we refined the definition of "abuse of discretion," saying " . . . appellate courts will interfere with the trial court's exercise of discretion only when it has been manifestly abused; that discretion is abused only when the trial court's ruling runs against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice . . .."

The trial court here was confronted with the issue of whether to cast out the parties on the technical ground of want of timely prosecution or to proceed on the merits of the case; it chose the latter course. The majority opinion in effect brands the trial court's decision as "so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice."

An appellate court should not so cavalierly substitute its judgment for that of a trial court, as I believe we have done here.

## ON MOTION FOR REHEARING

PER CURIAM:

■ On motion for rehearing the state argues that our opinion leaves open the present status of defendant Munday's exceptions. We disagree. Exceptions are not the same as petitions stating specific causes of action in ordinary civil cases. The effect of the filing of exceptions to the commissioners' award by either party is the same: a jury determination on the single issue of the fair market value of the property before and after the taking, or damages sustained by the defendant. *State ex rel. Highway Commission of Mo. v. Curtis,* 365 Mo. 447, 283 S.W.2d 458 (1955); *State ex rel. Highway Commission of Mo. v. Harris,* 417 S.W.2d 29 (Mo.App.1967).

In the present case, trial was had, verdict rendered, and judgment entered on the single issue of damages, not on one party's exceptions or the others. Since the trial is unaffected by who filed exceptions defendant Munday cannot take the position on appeal that trial should not have been had on the state's exceptions and still argue for

re-trial of the same issue due to the filing of his exceptions. Appellant, by urging on appeal that the state's exceptions should have been dismissed, in effect argues that the issue of damages should not have been submitted to the jury for determination and elects to accept the commissioners' award and withdraw or dismiss his exceptions.

Therefore, our holding that a 10 year delay in prosecution, without valid excuse, is unreasonable delay which requires reversal of the judgment below and dismissal of the state's exceptions, necessarily implies, that defendant's exceptions are also dismissed, the issue of damages should not have been determined by jury trial, and the commissioners' award is final.

Motion for rehearing is overruled.