STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff-Appellant,

v.

Earl MOULDER, et al., Exceptions of Charles S. Reynolds, Defendant-Respondent.

No. 14774.

Missouri Court of Appeals, Southern District, Division One.

Feb. 18, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied March 12, 1987.

Application to Transfer Denied April 14, 1987.

Bruce A. Ring, Judy A. Curan, Jefferson City, for plaintiff-appellant.

Jerry L. Reynolds, Larry B. Moore, Springfield, for defendant-respondent.

GREENE, Presiding Judge.

Plaintiff, Missouri Highway and Transportation Commission (Commission) appeals from a judgment in favor of defendant, Charles S. Reynolds, in the sum of $40,000.

The case involved a claim by Reynolds for the taking of 5.54 acres of his land and damaging the remainder of his property, by reason of condemnation by the Commission of part of the land necessary for the construction of Route 65 Bypass in Greene County, Missouri.

On appeal, the Commission does not question the amount of the judgment, or allege any error in the trial of the court-tried case. The only point relied on is that the trial court abused its discretion by overruling the Commission's motion to dismiss the Reynolds claim for failure to timely prosecute, after which ruling the trial in question took place. We affirm.

■ Missouri disfavors the dismissal of cases because of failure to prosecute, *Horobec v. Mueller*, 628 S.W.2d 942, 944 (Mo.App.1982), as the law favors trial on the merits. Trial courts have considerable discretion in determining whether cases should be dismissed for failure to prosecute, and their determination on that issue will not be disturbed on appeal unless their discretion is abused. Id. at 944. Trial court discretion in this area is not abused unless its ruling is so illogical, when weighed by the facts and circumstances before the trial court at the time, that it shocks the sense of justice. If reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion by such ruling. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). The trial court's intimate knowledge of all aspects of the case puts it in a far better position than we to determine who caused the delay, and if it has been prejudicial to the complaining party. For this reason, there is a presumption that the trial court's ruling on the motion to dismiss for failure to prosecute was a correct one, *Schreck v. Parker*, 388 S.W.2d 538, 541 (Mo.App.1965), and the Commis-

sion has the burden of proof in overcoming that presumption. *State ex rel. Highway and Transportation Commission v. Boise Cascade Corporation*, 655 S.W.2d 68, 69 (Mo.App.1983). The Commission has not met that burden.

In its motion to dismiss, and in its brief filed here, the Commission seems to take the position that since the petition in condemnation was filed in 1966, and that the case was still pending in 1982, when it filed its motion to dismiss, the delay of 16 years, of and by itself, mandated that the trial court sustain its motion, citing *City of Jefferson v. Capital City Oil Company*, 286 S.W.2d 65 (Mo.App.1956), and *State ex rel. State Highway Commission v. Manley*, 549 S.W.2d 533 (Mo.App.1977), as authority for its position. The Commission's reliance on *City of Jefferson* and *Manley* is misplaced.

In the *City of Jefferson*, the appellate court stated, "It is our conclusion that when the Schells showed that the city's exceptions had been pending for five years and four months, an unreasonable delay *unless a valid excuse was shown*, they were not required to also show that they had been injured thereby ..." (emphasis ours). Id. at 68. In *Manley*, a motion to dismiss for failure to prosecute was overruled, and the case tried on exceptions to the Commission's award. In reversing for abuse in discretion in overruling the motion to dismiss, the appellate court noted "that the 10 year delay in prosecution is an unreasonable delay for which *the state has not presented a valid excuse*, and that under those circumstances the trial court's failure to grant defendant's motion to dismiss was an abuse of discretion. (Emphasis ours.) Id. at 534.

These cases do not hold that delay alone mandates the sustaining of a motion to dismiss for failure to prosecute, but that delay in prosecution, *without a valid excuse*, requires that the motion to dismiss be sustained. In suggestions in opposition to the Commission's motion, Jerry Reynolds, the attorney for Charles Reynolds, who took the case after Charles Shafer, Jr. withdrew, listed the following as reasons for the lengthy delay: 1) difficulty in obtaining the case file from Shafer, due to Shafer's insistence that he was owed an attorney fee based on a firm settlement offer of $20,000, which statement and offer was denied by the Commission, 2) failure by Shafer to return to Reynolds documents, reports, maps, and aerial photographs which were a vital part of Reynolds' evidence, and which resulted in Reynolds having to reconstruct a file, which was an expensive and time consuming effort, 3) the Commission had never asked for a trial setting prior to the filing of its motion to dismiss, and 4) that the only times Reynolds had ever requested continuances was due to his illness, and the death of his wife. These reasons were not refuted by the record, and evidently believed by the trial court.

In our independent review of the record, we note that (a) 12 different tracts of land were involved in this condemnation case, (b) six of the tracts were larger than the Reynolds tract, and presumably involved greater damage claims than those made by Reynolds, (c) by agreement of the parties, all of the cases were continued for a number of years until the highway was actually constructed, so that the damages could be more accurately assessed, (d) Reynolds, at one time, asked for a trial setting, but the Commission requested further discovery, and asked that the case be removed from the trial docket, (e) other exceptions, notably those of Earl Moulder and Autsyn Swenson, were given trial priority, that Shafer also represented Swenson, and (f) these cases were tried, appealed, and finally disposed of over the years, without any effort on the part of the Commission to prosecute its exceptions, or ask for a trial setting on the exceptions of Reynolds.

All of these facts and circumstances were before the trial court at the time it ruled on the motion, and evidently were considered as valid excuses for nonprosecution of the action.

This does not mean that we condone the inordinate delay in bringing this case to trial, since justice delayed is justice denied. Mr. Reynolds, as well as the taxpayers of

Missouri whose taxes support the state's road building program, deserved better than they got, but we believe that the record conclusively establishes that blame for the delay rests as much on the attorneys for the Commission as it does on the attorneys for Reynolds, and that for the reasons herein indicated, valid reasons existed for the delay in question.

Under the circumstances, the trial court did not abuse its discretion in overruling the motion to dismiss.

Judgment affirmed.

CROW, C.J., and PREWITT, J., concur.