Donald K. ALEXANDER, Appellant,

v.

LACLEDE GAS COMPANY, Respondent.

No. 51744.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 24, 1987.

Lawrence F. Hartstein, Sommer, Hartstein, Banahan & Radice, St. Louis, for appellant.

Paul B. Hunker, Jr., St. Louis, for respondent.

CRIST, Judge.

Plaintiff (customer) appeals from the order sustaining defendant's (Laclede) Motion for Summary Judgment in customer's action for malicious prosecution. We affirm.

The underlying facts are simple, and those relevant to customer's malicious prosecution action are undisputed. In May of 1982 Laclede billed customer about $200 for gas service; customer refused to pay claiming he had not used the gas; attempts were made by the parties to resolve the dispute and customer paid his monthly gas bill; as stated in his petition, customer "warned ... [Laclede] not to come onto his property ... warnings were both oral and written"; on August 25, 1982, Laclede turned off customer's gas and placed a lock on the gas meter at his residence; customer sawed the lock off, turned the valve to restore gas service, and encased the gas meter in cement; Laclede employees observed the condition of the meter and charges of tampering with a utility meter were brought against customer under § 569.090, RSMo (1978); customer was found not guilty of tampering on November 10, 1982; on December 13, 1982, cus-

tomer brought an action against Laclede and several Laclede employees for "violation of civil rights" based on trespass and wrongful termination of gas; Laclede counterclaimed for $240.95 for unpaid gas; the jury returned verdicts for Laclede in both suits; and on October 29, 1984, customer filed this action claiming malicious prosecution in the instigation and prosecution of the criminal action for tampering. Laclede filed a Motion for Summary Judgment which was granted.

At the onset, we note that Laclede was granted a summary judgment based on its unverified motion which was unsupported by any affidavits or verified exhibits. In that motion Laclede relied upon customer's pleadings in the earlier trespass suit and upon depositions which Laclede failed to make part of the record on appeal. We do not need to deal with the infirmities in the presentation of Laclede's motion for summary judgment, however, because, at oral argument, customer expressly waived any objections to the form of the motion. Although we are relieved of the need to rule on the preparation and presentation of Laclede's motion for summary judgment, we feel compelled to use this opportunity to remind all attorneys of the need for care in the preparation of legal documents. The lack of care in this case extended to the briefs prepared by both parties. The statement of facts in each brief was devoid of reference to the sources for their facts, and Laclede's brief contained fifty-nine citations for two points relied on. Rule 84.04.

■ There are six elements in a malicious prosecution: (1) commencement of a prosecution against the plaintiff, (2) instigation of that prosecution by the defendant, (3) termination of the prosecution in plaintiff's favor, (4) lack of probable cause for the prosecution, (5) legal malice on the part of the defendant, and (6) damages. *Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 [1] (Mo.banc 1984). In his first point relied on, customer challenges the summary judgment as to the element of probable cause claiming it is a fact issue for the jury. In his second point relied on, he claims the issue of legal malice is also a question of fact to be determined by the jury.

Customer admits freely that after Laclede terminated gas service to his residence he cut the lock, reinstated the gas service, and encased the gas meter in cement. Customer asserts, however, that there is a fact issue as to whether or not Laclede's agent knew or could have known of the ongoing, underlying dispute over the $200 gas bill, and he argues if Laclede had that knowledge there could be no probable cause to instigate criminal charges for tampering. We do not need to reach the issue of the existence of a factual dispute. Even if Laclede considered the ongoing dispute in deciding to initiate criminal prosecution, when a gas meter shut off by the gas company is put back into operation and encased in cement by someone other than the gas company, there is probable cause to instigate criminal charges for tampering.

■ The probable cause to initiate criminal proceedings sufficient to rebut a claim of malicious prosecution is "reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious man in his belief that the person accused is guilty of the offense charged." *Parker v. Color Tile Supermart, Inc.*, 655 S.W.2d 598, 599 [2] (Mo. App.1983) quoting *Palermo v. Cottom*, 525 S.W.2d 758, 764 (Mo.App.1975). And, where the facts are not in dispute the determination of whether there was probable cause is one of law for the court, not a question of fact for the jury. *Parker*, 655 S.W.2d at 599.

■ The crime of tampering in the second degree includes, "Tampers or makes connection with property of a utility." 569.090.1(3), RSMo (1978). Tampering is defined in *Black's Law Dictionary* as "[t]o meddle so as to alter a thing; . . . to interfere improperly," at 1305 (rev. 5th ed. 1979), and in *Webster's Third New International Dictionary* as "to interfere so as to weaken or change for the worse," at 2336 (1961). Customer's Memorandum in Opposition to Defendant's Motion for Summary Judgment states: "Plaintiff reinstated his gas by cutting off the lock on the gas meter and turning on the valve, and thereafter encased the gas meter in cement so that defendant could not again terminate his gas service." Although we could

not find a case with identical facts, the facts, as admitted by customer, would warrant a cautious person to believe there was reasonable grounds for suspecting customer had interfered improperly with the gas meter and changed it for the worse. In asserting the importance of the underlying fact dispute, customer relies on *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479 (Mo.1972), a malicious prosecution suit arising out of a prosecution for shoplifting. Unlike in the shoplifting malicious prosecution cases, the existence of an underlying suit does not automatically justify customer's actions in the way the explanation of prior purchase explains a person putting an item into a pocket, purse or bag. *See also Shaffer v. Sears, Roebuck & Co.*, 689 S.W.2d 683 (Mo.App.1985).

The facts were not in dispute, whether Laclede had probable cause was a question of law, and the trial court was correct in finding Laclede had probable cause to initiate the criminal action. Customer's first point is denied.

Customer in his second point claims the issue of malice should be submitted to the jury. Since we hold customer's action failed as to the element of lack of probable cause to bring criminal action, there is no need to decide the merits of this point.

Judgment affirmed.

SNYDER, C.J., and KELLY, J., concur.