**LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF the CITY OF ST. LOUIS, Appellant,**

v.

**DEHCO, INC., et al. (Exceptions of Howard D. Hebebrand, et al.), Respondents.**

No. 55249.

Missouri Court of Appeals, Eastern District, Division One.

June 27, 1989.

Sarah Siegel, Elaine Bryant Wright, St. Louis, for appellant.

Samuel C. Ebling, Gallop, Johnson & Neuman, St. Louis, for respondents.

CRIST, Judge.

Appellant, Land Clearance for Redevelopment Authority of the City of St. Louis (LCRA), appeals the trial court's denial of its motion to dismiss the exceptions filed by respondent (Dehco) in a condemnation suit. We affirm.

On June 25, 1976, LCRA filed a petition in eminent domain against Dehco and others to acquire certain real estate located in the City of St. Louis for a redevelopment project. On May 31, 1977, the condemnation commissioners filed their report finding Dehco was entitled to $108,546.96 for the taking of its property. Exceptions to the award were filed by both LCRA and Dehco on June 2, 1977.

On August 30, 1979, the case was called for trial, but was continued to be reset upon application of the parties. Thereafter discovery continued and on September 3, 1987, the exceptions were again set for trial. The case was scheduled to be heard on November 2, 1987; however, upon Dehco's application, the case was reset for March 7, 1988. On February 1, 1988, LCRA dismissed its own exceptions to the commissioner's award and on February 3, 1988, filed a motion to dismiss Dehco's exceptions for failure to prosecute. LCRA's motion to dismiss was denied and the case was once again reset, upon Dehco's application, for May 16, 1988.

Nearly eleven years after the exceptions were filed, the trial of Dehco's exceptions commenced. The jury returned a verdict assessing damages to Dehco resulting from the taking of the property at $228,500. LCRA was ordered to pay Dehco $119,-951.04, plus interest at 6% per annum, from the date of the commissioner's award until May 18, 1988, the date of the verdict.

█ The sole question presented on appeal is whether the trial court erred in denying LCRA's motion to dismiss for failure to prosecute. Dismissal on this ground rests within the sound discretion of the trial court. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804[2] (Mo. banc 1988). "The trial court's intimate knowledge of all aspects of the case puts it in a far better position than we to determine who caused the delay, and if it has been prejudicial to the complaining party. For this reason, there is a presumption that the trial court's ruling on the motion ... was a correct one...." *State ex rel. Highway & Transp. Comm'n v. Moulder*, 726 S.W.2d 812, 813 (Mo.App.1987).

█ LCRA asserts our decision in *State ex rel. State Highway Comm'n v. Manley*, 549 S.W.2d 533 (Mo.App.1977) mandates reversal in this case. In *Manley*, we found that ten years was an unreasonable delay in prosecution of exceptions in a condemnation suit. We reversed the judgment and

remanded the case to the trial court for entry of a judgment of dismissal for failure to prosecute. *Id.* at 534.

Although *Manley* is some authority for LCRA's position, it does not hold that delay alone requires the trial court to sustain a motion to dismiss for failure to prosecute. *Id.; Moulder*, 726 S.W.2d at 814[3]. A determination of whether a case has been prosecuted diligently must be decided on a case by case basis. *Laurie v. Ezard*, 595 S.W.2d 336, 338[5] (Mo.App.1980).

Although this case has been pending for nearly eleven years, the record discloses activity by both parties in many of those years. Dehco presented reasons to the trial court for the last two delays, and the trial court found these reasons to be valid. After years of delay, the case was finally proceeding toward trial when LCRA moved for dismissal. Although prior inactivity may be considered, "only in an unusual situation should a case be dismissed for prior inactivity ... at a time when it appeared to be prosecuted toward trial." *Laurie*, 595 S.W.2d at 338[7]. Under the circumstances we cannot say the trial court's failure to dismiss the exceptions in this case was an abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.