James R. THOMPSON, Appellant,

v.

WAL–MART STORES, INC., Respondent.

No. WD 49036.

Missouri Court of Appeals,
Western District.

Jan. 24, 1995.

Kendall R. Garten, Blue Springs, for appellant.

David S. Baker, Kansas City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

BRECKENRIDGE, Judge.

James R. Thompson filed suit for malicious prosecution against his former employer, Wal–Mart, after he was acquitted of a charge of stealing. The trial court entered summary judgment on behalf of Wal–Mart and Mr. Thompson now appeals, claiming that there is a genuine issue of material fact concerning the question of whether Wal–Mart had probable cause to instigate the underlying criminal prosecution.

The judgment of the trial court is affirmed.

In July of 1991, Mr. Thompson was working in the pharmacy department of a Wal–Mart store in Independence, Missouri. His work area was under surveillance by a video camera because the store's management personnel had noticed repeated discrepancies between the amount of sales made and the amount of cash found in the pharmacy de-partment's cash register. Reck Staggs, a loss prevention supervisor for Wal–Mart, was responsible for viewing the videotapes of the work area.

On July 21 or 22, Mr. Staggs reviewed approximately a dozen video-tapes, one of which prompted the charge of stealing that resulted in the case at bar. One hour and sixteen minutes into the surveillance tape, Mr. Thompson is seen reaching into the cash drawer of the register and removing what is apparently a twenty-dollar bill. Several seconds later, the tape shows Mr. Thompson placing the paper currency under the register's key pad. Approximately one-half hour later, the tape shows Mr. Thompson removing the currency from under the key pad, rolling it into a thin tube, and placing it in the left front pocket of his smock. The videotape contains four subsequent hours of continuous surveillance, during which time there is no indication that Mr. Thompson returned the money to the register.

On July 24, 1991, Mr. Staggs informed Mr. Thompson that his employment with Wal–Mart was terminated. On August 2nd, 1991, Mr. Staggs signed a complaint filed in the Independence, Missouri municipal court, alleging that Mr. Thompson did

commit the crime of stealing by appropriating U.S. currency belonging to the Wal Mart store by removing it from the cash register and placing it in his pocket while he worked as an employee. This occurred in the afternoon at 16611 E. 23rd St. Total amount missing was $64.88.

On October 16, 1991, the Independence, Missouri municipal court, after sustaining Mr. Thompson's objection to the introduction of the videotape into evidence, found Mr. Thompson not guilty of the stealing charge.

Mr. Thompson subsequently filed suit for malicious prosecution, alleging that Wal–Mart did not have sufficient grounds for instigating the criminal proceedings. Wal–Mart filed a motion for summary judgment, claiming that the undisputed facts in this case established the existence of probable cause for commencing criminal proceedings and therefore, as a matter of law, Mr.

Thompson's claim of malicious prosecution must fail.

In support of its motion for summary judgment, Wal–Mart referred to certain exhibits filed with the trial court, including the surveillance videotape and portions of Mr. Thompson's deposition, in which he acknowledged that the videotape appeared to portray the sequence of events at the cash register as we have described them above. The trial court granted summary judgment in favor of Wal–Mart, explaining in its order that:

> After reviewing the contents of the video tape of register #40 in the pharmacy department, this Court concludes as a matter of law that plaintiff is unable to establish the essential element of lack of probable cause for the prosecution.

> Since this is an essential element to plaintiff's claim for malicious prosecution, plaintiff's claim fails.

In his sole point on appeal, Mr. Thompson claims that there is a genuine issue of material fact concerning whether Wal–Mart had probable cause to initiate criminal proceedings against him. Therefore, he contends, the trial court erred in granting summary judgment in favor of Wal–Mart.

■■■ There are six elements to a cause of action for malicious prosecution: (1) the commencement of a prosecution against the plaintiff; (2) the instigation of that prosecution by the defendant; (3) the termination of the prosecution in the plaintiff's favor; (4) the lack of probable cause for the prosecution; (5) malice on the part of the defendant; and (6) damage to the plaintiff. *Perry v. Dayton Hudson Corp.,* 789 S.W.2d 837, 840 (Mo.App.1990). All six of these elements must be proved, and a plaintiff's failure to prove any one of these elements results in the failure to make a submissible case of malicious prosecution. *Id.,* at 841. Furthermore, a defending party in such a case may establish a right to summary judgment by showing facts that negate any one of the claimant's elements. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 381 (Mo. banc 1993).

■■■ The probable cause to initiate criminal proceedings sufficient to rebut a claim of malicious prosecution is "reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious man in his belief that the person accused is guilty of the offense charged." *Alexander v. Laclede Gas Co.,* 725 S.W.2d 129, 130 (Mo.App.1987) (quoting *Parker v. Color Tile Supermart, Inc.,* 655 S.W.2d 598, 599 (Mo.App.1983)). MAI (4th) 16.06 [1980 New] provides that "reasonable grounds" as used in malicious prosecution instructions means "that under the circumstances an ordinarily careful and prudent person after having made a reasonable inquiry would have believed the facts alleged and that the judicial proceeding was valid." Where the facts pertaining to the issue are not in dispute, the determination of whether there was probable cause is a question of law for the court, and not a question of fact for the jury. *Alexander,* 725 S.W.2d at 130.

■■ In support of his contention that there is a genuine issue of material fact concerning whether Wal–Mart had probable cause to instigate criminal proceedings against him, Mr. Thompson notes the undisputed fact that shortages continued to occur at the pharmacy department's cash register after he was terminated, and that, before Mr. Staggs proceeded with the criminal complaint, he knew that employees in the pharmacy department commonly took cash from the register in order to get change. Mr. Thompson also notes that, even though Mr. Staggs alleged in the complaint that the stealing occurred on July 17, 1991,[1] a day when the cash register showed a shortage of $64.88, by the time of the criminal trial Mr. Staggs had heard rumors that the events recorded on the videotape may have occurred on another date, and he did not make any inquiries in order to clarify the situation.

■■ A genuine issue of material fact exists "where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *ITT,* 854 S.W.2d at 382. In instigating criminal proceedings against Mr. Thompson, Wal–

---

1. The criminal complaint states that the offense occurred *on or about* the 17th day of July, 1991.

Mart relied primarily on the events recorded on the surveillance videotape, and the facts cited by Mr. Thompson in his brief do not indicate that a second plausible account exists to explain the nature of Mr. Thompson's actions as portrayed on the videotape. Mr. Staggs' subsequent indecision about the date of the events shown on the videotape, and the fact that the shortfalls continued after his termination, do nothing to suggest a second plausible theory to explain what Mr. Thompson was attempting to accomplish by his recorded behavior. The fact that employees commonly took money out of the register to get change does not suggest a second *plausible* account to explain Mr. Thompson's removing the currency, hiding it and surreptitiously placing it in his pocket, in light of the fact that during four subsequent hours of continuous surveillance, there is no indication that Mr. Thompson returned the money, or change for the money, to the register. This is particularly true, since Mr. Thompson, during the subsequent four hours, removed a ten-dollar bill from the register, left and came back with a roll of quarters as change for the ten-dollar bill.

Our conclusion that the evidence in the record does not suggest the existence of a second plausible account for Mr. Thompson's videotaped behavior is reinforced by the fact that, in his deposition, Mr. Thompson himself admitted that he had no recollection of ever returning the money to the register or using the money to get change, and that he had no explanation for what happened to the money he took from the register. As a matter of law, Wal–Mart had probable cause to initiate criminal proceedings against Mr. Thompson.

Accordingly, the judgment of the trial court is affirmed.

All concur.