**Paige LINN, et al., Appellants,**

v.

**Nancy MOFFITT, et al., Respondents.**

**No. ED 78990.**

Missouri Court of Appeals, Eastern District, Northern Division.

Jan. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 2002.

Application for Transfer Denied May 28, 2002.

Michael P. Joyce, Kansas City, MO, for appellant.

Scott Templeton, Oswald, Cottey, Templeton & Barrow, Kirksville, MO, Donald P. Herron, Jill Frost, Lisa A. Brunner, Kansas City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Paige and Joe Dale Linn ("plaintiffs") appeal the judgment of the trial court dismissing count I of their petition for malicious prosecution and a portion of count IV of their petition for conversion. We affirm in part and reverse and remand in part.

Plaintiffs, Nancy Moffitt ("Moffitt"), and Pamela and Irvin Green ("Greens") were co-owners of residential property. On April 22, 1993, plaintiffs removed personal property from the residence. On April 26, Moffitt filed a conversion action against the plaintiffs claiming that plaintiffs had removed her personal property from the residence. N. William Phillips and his law firm, Phillips & Spencer, P.C., (hereinafter known collectively as "attorneys") represented Moffitt in this action and on her behalf received a civil order for attachment of fourteen items of property from plaintiffs. Moffitt voluntarily dismissed the conversion action on May 10. Plaintiffs allege that on May 11, Moffitt, at the urging of attorneys, and the Greens requested the Mercer County Sheriff ("sheriff") to pursue criminal action against plaintiffs. The sheriff obtained a search warrant that allowed for the search and seizure of personal items from plaintiffs. The sheriff searched plaintiffs' residence and seized in excess of 800 items, significantly more items than were listed on the search warrant. On May 12, Moffitt filed a statement with the sheriff claiming that plaintiffs had stolen her personal property. On May 21, the Mercer County Prosecutor's Office charged plaintiffs with stealing property worth at least $150.00, in violation of section 570.030 RSMo 1986.

Plaintiffs were arrested in July of 1994. On May 13, 1997, the Saline County Circuit Court ordered that all property seized from plaintiffs, in excess of the six items the plaintiffs were charged with stealing, be returned to plaintiffs. On June 5, 1997, after a jury trial, plaintiffs were acquitted of all charges.

Plaintiffs sued Moffitt, Greens, and attorneys for malicious prosecution, abuse of process in criminal action, abuse of process in civil action, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. Plaintiffs also sued Moffitt and the Greens for conversion. The trial court dismissed the malicious prosecution and the abuse of process claims stating that the actions were not brought within their respective statute of limitations periods. As to the conversion claim, the trial court dismissed it to the extent that the claim related to actions other than "property alleged to have been taken 'on or before November 19, 1996' " which was specifically listed in exhibits to the petition. The trial court declined to dismiss the intentional and negligent infliction of emotional distress claims and the conspiracy claim but or-

dered that these counts should be amended to make more definite and certain what acts constituted such claims. The court granted plaintiffs until January 10, 2001 to amend them. On March 7, 2001, plaintiffs voluntarily dismissed these counts.

Plaintiffs appeal the dismissal of the malicious prosecution claim and the dismissal of the portion of the conversion claim pertaining to property allegedly taken on or before November 19, 1996.

█ In their first point on appeal, plaintiffs claim that the court erred in dismissing their claim for malicious prosecution because the statute of limitations had run, in that the trial court incorrectly computed the date from which the cause of action accrued and the statute of limitations was to begin to run. In reviewing a dismissal, we "examine the pleadings, allowing them their most liberal intendment, treating all facts alleged as true, construing the allegations favorably to the plaintiff, and determin[ing] whether, upon this basis, the petition invokes principles of substantive law." *Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441 (Mo.App.1987).

█ The elements of a malicious prosecution claim are the commencement of an earlier suit or prosecution, at the instigation of the defendant, without probable cause and with malice, termination of the proceeding in the plaintiff's favor, and damage to the plaintiff. *Joseph H. Held & Associates, Inc. v. Wolff*, 39 S.W.3d 59, 62–63 (Mo.App.2001). A claim of malicious prosecution must be brought within two years after the cause of action accrues. Section 516.140 RSMo 1994. In the underlying case, the trial court erroneously used the date of the plaintiffs' arrest, July 21, 1994, as the date to commence the running of the two-year statute of limitations. A claim for malicious prosecution accrues when the underlying proceeding is terminated in the plaintiff's favor. *Arana v.*

*Reed*, 793 S.W.2d 224, 226 (Mo.App.1990). "Termination is effected by a final judgment on the merits, a dismissal by the court with prejudice, or by abandonment of the action." *Id.* The date of termination of the stealing claims was June 5, 1997, the date plaintiffs were acquitted of criminal charges. This is the date the two-year statute of limitations began to run. Plaintiffs filed their malicious prosecution action on December 9, 1998, within the two-year statute of limitations. It was error for the trial court to dismiss the malicious prosecution claim on the basis of the statute of limitations.

█ This is not, however, the end of our analysis. "We will affirm the judgment of dismissal if it can be sustained on any ground supported by the motion to dismiss." *Bellos v. Winkles*, 14 S.W.3d 653, 655 (Mo.App.2000). Respondents allege several grounds on which the dismissal may be affirmed. We will discuss each in turn.

█ The Greens argue that plaintiffs' malicious prosecution claim fails to state a claim against them because the petition fails to support the necessary element that the Greens instigated criminal action against the plaintiffs. They further argue that the petition fails to support the plaintiffs' claim that there was no probable cause to initiate the criminal proceeding. The second argument need not be addressed, as the first is dispositive.

As noted previously, the elements of a malicious prosecution claim are the commencement of an earlier suit or prosecution, at the instigation of the defendant, without probable cause and with malice, termination of the proceeding in the plaintiff's favor, and damage to the plaintiff. *Joseph H. Held & Associates, Inc.*, 39 S.W.3d at 62–63. The only mention of instigation in plaintiffs' petition states in

pertinent part, "Moffitt elected to pursue that matter by instigating criminal proceedings.... On or about May 7, 1993, Moffitt filed a list of items allegedly stolen by the Linns with the Mercer County Sheriff. [O]n or about May 11, 1993 ... Moffitt and Phillips requested the Mercer County Sheriff proceed against the Linns in a criminal action." The plaintiffs' petition fails to allege the essential element that the Greens instigated the prosecution against the plaintiffs and therefore, fails to state a claim against the Greens. Point one is denied as to the Greens.

▇ We next address attorneys' argument that the trial court's dismissal of plaintiffs' malicious prosecution claim should be affirmed as to them because plaintiffs' petition fails to state a claim upon which relief can be granted. Attorneys contend that the petition fails to plead ultimate facts to support the necessary element of instigation of criminal action against plaintiffs by attorneys. Attorneys also claim that the petition fails to plead ultimate facts to support the element that there was no probable cause to warrant the initiation of criminal proceedings. As attorneys' latter argument is meritorious, we need only discuss the issue of probable cause.

▇ Probable cause for initiating prosecution is defined as " 'reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious person to believe that the person accused is guilty of the offense charged.' " *Thompson v. Wal-Mart Stores, Inc.*, 890 S.W.2d 780, 782 (Mo.App.1995) (quoting *Alexander v. Laclede Gas Co.*, 725 S.W.2d 129, 130 (Mo.App.1987)). We consider the facts as the prosecuting party could have reasonably believed them to be under the circumstances at the time. *Ladeas v. Carter*, 845 S.W.2d 45, 51 (Mo.App.1992).

Plaintiffs attached to their petition Moffitt's written statement dated May 12, 1993, filed with sheriff. In the statement, Moffitt set out names of a witness who claimed to have seen plaintiffs in Moffitt's house for several hours, and another witness who saw plaintiffs carrying furniture from Moffitt's house. Moffitt stated that she accompanied sheriff to an antique store where she identified several items that the antique dealer claimed to have bought from plaintiffs, and which Moffitt claimed had been "stolen" from her house. Moffitt additionally claimed that when she accompanied the sheriff in serving the search warrant at plaintiffs' house, she identified "many items that had been stolen from my home" and that the sheriff wrote a list of the items as she identified them. In the statement, Moffitt specifically claimed that plaintiffs did not have her permission and did not own anything in her house with a few exceptions which she listed.

▇ The facts set out in Moffitt's written statement which plaintiffs attached to their petition, if true, were sufficient to give rise to reasonable grounds for Moffitt's attorneys to believe that plaintiffs were guilty of the offense charged and recommend criminal proceedings. If an attorney proceeds " 'upon facts stated to him by his client, believing those to be true and if those facts, if true, would constitute probable cause for instituting such a prosecution, then the attorney is exonerated.' " *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay*, 690 S.W.2d 144, 153 (Mo.App.1985) (quoting *Staley v. Turner*, 21 Mo.App. 244, 250 (1886)).

Notwithstanding Moffitt's claims of ownership, plaintiffs contend that criminal prosecution was without probable cause because attorney Phillips knew that plaintiffs claimed ownership of the items, and

that there was a "valid dispute" over ownership of the items. Plaintiffs' petition states in part:

"Defendant Phillips additionally knew, or should have known, that criminal prosecution was improper and without probable cause in this case, in that the Linns had a claim to ownership of the items allegedly taken, and in that Paige Linn owned in joint tenancy the Jefferson residence with Moffitt, and thus that a civil claim for conversion or [quiet] title was the only proper claim in this case where there was a valid dispute over ownership of the items in question."

■ These allegations of plaintiffs' claim of ownership of the property are insufficient to put into issue the reasonableness of attorneys' belief that the facts stated by their client were true. "The existence of evidence contrary to the position taken by the attorney is not sufficient to support the inference that the attorney was unreasonable in his belief the claim was valid." *Id.* at 154.

■ In order for their malicious prosecution claim to succeed, plaintiffs must "plead. . . . ." all elements, including the absence of probable cause for the prosecution. *Simpson v. Indopco, Inc.,* 18 S.W.3d 470, 473 (Mo.App.2000) (quoting *Integra–A Hotel and Restaurant Co. v. Ragan,* 887 S.W.2d 731, 732 (Mo.App.1994)). Plaintiffs failed to sufficiently plead the necessary element of lack of probable cause; therefore, plaintiffs' petition failed to state a claim against attorneys, and the trial court's dismissal of the malicious prosecution claim as to attorneys was proper. Point one is denied as to attorneys.

■ Respondent Moffitt asserts three reasons why the trial court's dismissal of the malicious prosecution claim should be affirmed as to her. First, she claims that the plaintiffs failed to diligently prosecute the claim. Plaintiffs' petition was originally filed on December 9, 1998; Moffitt was not served until February 10, 2000. The trial court specifically addressed this argument in its judgment of dismissal. The trial court stated:

Inherent in this Court's ruling is the fact that this Court has failed to dismiss this case for the [plaintiffs'] failure to prosecute as requested by [respondents]. This Court is very cognizant of the fact that this case was originally filed on December 9, 1998. Accordingly, this Court will expect all parties involved herein to expeditiously file appropriate motions and notice them up for disposition [s]o that this case may get in a posture to be set for trial.

The trial court is in a far better position to determine the cause of delay and whether it was prejudicial. *Land Clearance for Redevelopment Authority of City of St. Louis v. Dehco, Inc.,* 773 S.W.2d 883, 884 (Mo.App.1989). " 'For this reason, there is a presumption that the trial court's ruling on the motion . . . was the correct one . . . .' " *Id.* (quoting *State ex rel. Highway & Transportation Comm'n v. Mouldeir,* 726 S.W.2d 812, 813 (Mo.App.1987)). The dismissal of the malicious prosecution claim cannot be affirmed due to failure to prosecute.

■ Second, Moffitt argues that the dismissal should be sustained because the same claim is currently pending in California. Abatement is proper when "there is another action pending between the same parties for the same cause in this state." Section 509.290(8) RSMo 1994; Rule 55.27(9). According to the motion hearing transcript, the California court stayed the pending action stating, " 'This case should be heard in the State of Missouri, and we're not going to hear this case, so we're going to stay these proceedings. This belongs in Missouri, we're not having any-

thing to do with it so we're staying it.' " Although it is unclear whether this statement was made in regard to the underlying case or to an appeal that was then pending in the Western District of this Court[1], it is clear that the action in California was stayed. Moreover, the California trial court specifically found that it was appropriate for this dispute to be heard in Missouri. Further, abatement has only been applied to intrastate litigation "and has not been extended by the Missouri courts to include pending actions in foreign jurisdictions." *Chaney v. Cooper*, 954 S.W.2d 510, 517 (Mo.App.1997). For these reasons, abatement of this claim is not appropriate.

▓▓ Finally, Moffitt argues that the dismissal should be sustained because the plaintiffs "failed to exercise due diligence in the prosecution of their claim in that the appellant did not attempt service of their petition until fourteen months after the petition was filed." As Moffitt admits, the Supreme Court has specifically "eliminated the requirement that the plaintiff exercise due diligence in serving process on the defendant." *Bailey v. Innovative Management & Inv., Inc.*, 890 S.W.2d 648, 650 (Mo. banc 1994). The Supreme Court, in both *Bailey* and its predecessor, *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. banc 1993), noted that the 1972 amendment to Rule 53.01 eliminated the phrase "suing out of process" and therefore eliminated the requirement that the plaintiff diligently serve the defendant. *Bailey*, 890 S.W.2d at 650. The rule provides that "a civil action is commenced by filing a petition with the court." Rule 53.01 (2001). Thus, once plaintiffs filed their petition, the action was commenced. *Bailey*, 890 S.W.2d at 650.

The trial court erroneously dismissed plaintiffs' malicious prosecution claim as to Moffitt. Moffitt has presented no meritorious grounds upon which this dismissal should be sustained. Therefore, we must reverse the dismissal of the malicious prosecution claim as to Moffitt. Plaintiffs' point one is granted as to Moffitt.

▓▓ In their second point, plaintiffs claim the trial court erred in dismissing a portion of their conversion claim against Moffitt and the Greens as being barred by the statute of limitations. Plaintiffs contend that they demanded return of the property and the trial court ordered the defendants to return the property on May 13, 1996, which was within the five-year statute of limitations for a conversion claim under section 516.120 RSMo (1994). We disagree. The statute of limitations begins to run when the damage is sustained and capable of ascertainment. *Hamdan v. Board of Police Comm'rs for the City of St. Louis, et al.*, 37 S.W.3d 397, 399 (Mo. App.2001). Property seized and held by an officer pursuant to a search warrant is held for the court. *Boshers v. Humane Society of Missouri*, 929 S.W.2d 250, 255 (Mo.App.1996). Plaintiffs' petition alleges that the sheriff released the property to Moffitt on July 21, 1993 and August 11, 1993. Accordingly, the damage to plaintiffs was sustained and capable of ascertainment when, at Moffitt's request, the sheriff released the property to Moffitt. This suit was filed on December 9, 1998. The five-year statute of limitations had run as to property released to Moffitt in July and August 1993. The trial court did not err in dismissing this portion of plaintiffs' conversion claim.

The judgment of the trial court is affirmed in part and reversed and remanded

---

1. The case then pending in the Western District of this Court involves the same parties on different sides of the dispute. No arguments were made on appeal as to this proceeding.

in part for further proceedings consistent with this opinion.

JAMES R. DOWD, C.J., and MARY R. RUSSELL, J., concur.