Dorothy J. OSTERMUELLER and Ralph Ostermueller, Appellants,

v.

Samuel S. POTTER, Respondent.

No. 76092.

Supreme Court of Missouri,
En Banc.

Dec. 21, 1993.

Jack J. Cavanagh, St. Louis, for appellants.

Stephanie K. Morrison, St. Louis, for respondent.

COVINGTON, Chief Justice.

On February 13, 1990, Dorothy J. Ostermueller and Ralph Ostermueller filed a petition in the Circuit Court of St. Louis County seeking damages for personal injury and loss of consortium. They alleged that on April 25, 1986, Samuel S. Potter negligently drove through an intersection and struck Mrs. Ostermueller's automobile. The Ostermuellers made three unsuccessful attempts to serve process upon Mr. Potter. On September 17, 1990, the circuit court placed the case on its dismissal docket, and on November 7, 1990, the court dismissed the case without prejudice for failure to prosecute. On May 22, 1991, within one year of the dismissal, the Ostermuellers filed a second petition alleging the same cause of action. Mr. Potter was served on June 4, 1991, more than five years after the alleged acts of negligence occurred. Mr. Potter raised a statute of limitations defense in his answer and moved for dismissal. The circuit court dismissed the second petition with prejudice, stating that the cause of action was filed outside the statute of limitations and that the one-year "savings statute," § 516.230, RSMo 1986, did not apply. The Missouri Court of Appeals, Eastern District, affirmed. This Court granted transfer to address the question of whether a plaintiff who suffers a nonsuit on an initial petition may invoke the one-year savings statute, § 516.230, where the initial petition was filed within the statute of limitations, but where the plaintiff failed to exercise due diligence in serving process on the defendant. Reversed and remanded.

Disposition of this case is governed by the plain language of *Rule 53.01*, read together with Missouri's savings statute. The statute provides:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffers a nonsuit, ... such plaintiff may commence a new action from

time to time, within one year after such nonsuit suffered....

§ 516.230, RSMo 1986. A civil action is commenced by filing a petition with the court. *Rule 53.01.* Negligence claims have a five-year statute of limitations. § 516.120, RSMo 1986. The Ostermuellers filed their first petition within five years of the alleged negligent acts. Under *Rule 53.01,* the Ostermuellers therefore commenced the action before the statute of limitations expired. Because the Ostermuellers refiled within the savings statute's one-year limitation period, the second petition is not barred by the statute of limitations.

Mr. Potter argues that because the Ostermuellers failed to exercise due diligence in effecting service of process ·in the first suit, the first suit was not commenced within the statute of limitations; therefore, the savings statute cannot apply. Support exists for superimposing on *Rule 53.01* a requirement that plaintiffs exercise due diligence in the service of process to invoke the savings statute. *U.S. Laminating Corp. v. Consolidated Freightways Corp.,* 716 S.W.2d 847 (Mo.App. 1986); *Tanner v. Presidents–First Lady Spa, Inc.,* 345 F.Supp. 950 (E.D.Mo.1972). Judicial creation of a due diligence requirement stemmed from § 506.110.2, RSMo Supp.1992, which defines the commencement of a civil action as "[t]he filing of a petition in a court of record, ... and suing out of process therein." Prior to amendment in 1972, *Rule 53.01* also defined commencement of a civil action as "[t]he filing of a petition and suing out of process therein."

 Mr. Potter's contention fails to recognize that this Court amended *Rule 53.01* in 1972. The rule no longer includes "suing out of process;" it requires only the filing of a petition with the court to commence an action. Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose. Mo. Const. art. V, § 5; *State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423 (Mo. banc 1978); *State ex rel. Newton v. Conklin,* 767 S.W.2d 112 (Mo.App.1989). The Ostermuellers filed their first petition within the limitations period; therefore, the

action was commenced within the time prescribed. Because the first action was commenced within the time prescribed, the Ostermuellers may invoke the benefit of the savings statute. § 516.230. *U.S. Laminating Corp.,* to the extent that it conflicts with this opinion, should no longer be followed.

Order of dismissal is reversed and the cause is remanded.

All concur.