**Charlene KORMAN and Larry Korman,
Plaintiffs/Appellants,**

v.

**H.M. LEFHOLZ, D.C.,
Defendant/Respondent.**

No. 65714.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 1995.

Rochelle A. Kaskowitz, Thomas M. Kendrick, St. Louis, for appellants.

Walter D. McQuie, Jr., Montgomery City, for respondent.

CRANE, Presiding Judge.

Plaintiffs Charlene and Larry Korman appeal from the trial court's dismissal of their petition filed in 1993 seeking damages from defendant H.M. Lefholz, D.C., for medical malpractice and loss of consortium. The trial court had dismissed that petition because it interpreted its earlier dismissal of an identical cause of action filed by plaintiffs in 1989 to have been with prejudice. We reverse and remand for the reason that the trial court's previous dismissal of plaintiffs' 1989 action for failure to file a proper affidavit pursuant to § 538.225 RSMo (1986) was a dismissal without prejudice which dismissal permitted plaintiffs to bring another civil action for the same cause under former Rule 67.03.[1] We further hold that the action is not barred by the applicable statute of limitations.

On January 5, 1989 plaintiffs filed a petition (1989 petition) alleging that defendant's negligent chiropractic treatment of plaintiff Charlene Korman had resulted in a brain stem injury. They sought damages for plaintiff Charlene Korman's injuries and for plaintiff Larry Korman's loss of consortium. On March 31, 1989 plaintiffs' counsel filed an affidavit pursuant to § 538.225, which averred in part:

2. Prior to the institution of this action I have received a written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly contributed to cause the damages claimed in the Petition.

During discovery defendant requested the written opinion of the health care provider upon which counsel's affidavit was based. Plaintiffs provided Dr. Robert Silver's April 9, 1987 report of his January 8, 1987 neurological evaluation, which concluded:

In as much as her acute neurological syndrome occurred very shortly after chiropractic manipulation, and in as much as this phenomenon has been described in conjunction with chiropractic manipulation, I think it is highly possible that a cause and effect relationship exists.

In his deposition on February 2, 1990, Dr. Silver was asked the following question on cross-examination and responded as follows:

Q: Dr. Silvers, have you given the plaintiff or anyone on her behalf a written opinion stating that the defendant here, Dr. Lefholz, failed to use such care as a reasonably prudent and careful chiropractor would use under similar circumstances as that involved in the treatment of Mrs. Korman and that such failure to use such reasonable care directly contributed to cause the damages Mrs. Korman claims?

A: I doubt—without reading all the correspondence I doubt very much if I would have had anything approaching that terminology in any correspondence from this office.

As a result of this testimony, defendant filed a motion to dismiss asserting that plaintiffs failed to comply with § 538.225. On April 24, 1992 the trial court made the following entry on its docket sheet "Defendant's Motion to Dismiss-sustained." On February 8, 1993 the trial court entered its Order Nunc Pro Tunc, which provided: "Upon motion of Plaintiffs, it is hereby Ordered that the record in this cause is corrected as follows: The docket entry of April 24, 1992 is corrected nunc pro tunc to read 'Defendant's Motion to Dismiss Sustained. Petition dismissed *without* prejudice.'"

On April 8, 1993 plaintiffs filed their present petition for medical malpractice and loss of consortium along with counsel's affidavit as required by § 538.225. Defendant moved to dismiss. The trial court sustained the

1. Now Rule 67.01, effective January 1, 1994.

motion and overruled plaintiffs' motion to reconsider. It explained its action as follows:

> This court is now convinced that in spite of its intention to dismiss CV 589-1 CC without prejudice the legal effect of its writings was to dismiss with prejudice.

> \* \* \* \* \* \*

> This ruling dismissing the plaintiffs' law suit all supposes that the court is correctly reading Sec 538.225(5) "the court may ... dismiss the action ... without prejudice." This court takes this sentence as offering the court the option of dismissing with or without prejudice.

Plaintiffs appeal. They first argue that the action represented by the 1989 petition was dismissed without prejudice, and therefore they are permitted to bring another civil action for the same cause.

■ Section 538.225.4 requires that in a malpractice action against a health care provider an affidavit by plaintiff's counsel be filed no later than 90 days after the filing of the petition. The affidavit must state that the attorney

> has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

§ 538.225.1. Section 538.225.5 provides that upon failure to file such an affidavit "the court may, upon motion of any party, dismiss the action against such moving party without prejudice." Dismissal without prejudice is the only sanction available under the statute for failure to comply with the affidavit requirement. *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506, 508 (Mo. banc 1991); *Fields v. Curators of Univ. of Missouri*, 848 S.W.2d 589, 591 (Mo.App. 1993). A trial court commits error if it dismisses an action with prejudice for noncompliance with § 538.225. *Fields*, 848 S.W.2d at 591.

■ Failure to file an affidavit under § 538.225.5 includes the failure to file *any* affidavit, *Mahoney*, 807 S.W.2d at 505, as well as the filing of an insufficient affidavit. *Fields*, 848 S.W.2d at 590.

■ Where a statute directs what the judgment shall be, "it is presumed that the judgment rendered by the court was such a judgment as only could have been rendered," and any omission or deviation is classified as clerical error correctable by nunc pro tunc. *Missouri Hwy. & Transp. Com'n v. Roth*, 735 S.W.2d 19, 21–22 (Mo.App.1987). "If a statute directs that a judgment contain certain language or provisions, then the omission of such language or provisions in the judgment will be attributed to clerical error which may be corrected by a nunc pro tunc order." *In re Marriage of Ray*, 820 S.W.2d 341, 344 (Mo.App.1991). Thus the trial court effectively corrected its judgment to order "Petition dismissed without prejudice" by its nunc pro tunc order. The trial court erred in interpreting its dismissal of the 1989 petition as "with prejudice" and in using that dismissal as the basis to dismiss the 1993 petition.

Defendant argues that the trial court's order of dismissal was nevertheless correct because the 1993 petition was filed more than two years after the alleged negligence and is thus barred by § 516.105 RSMo (1986) which provides for a two-year statute of limitations on medical malpractice actions. Plaintiffs respond that they filed the 1989 petition on January 5, 1989, within two years of the allegedly negligent chiropractic manipulation on January 8, 1987, and that they filed the 1993 action on April 8, 1993 within one year of the April 24, 1992 dismissal, as allowed by the savings statute, § 516.230 RSMo (1986). Defendant asserts that plaintiffs may not rely on the savings statute because without a proper affidavit the initial petition was frivolous and filed negligently or in bad faith and therefore did not "commence" the action. We disagree.

■ The savings statute requires that (1) the action shall have been "commenced" within the applicable period of limitations; (2) plaintiff suffer a non-suit; and (3) plaintiff commence a new action within one year of

the non-suit.[2] A plaintiff suffers a non-suit when a court order finally terminates the cause without prejudice. *Gray v. Chrysler Corp.*, 715 S.W.2d 282, 285 (Mo.App.1986). Section 538.255.5's sanction of dismissal without prejudice for failure to file the proper affidavit is a dismissal of the *action*, and not merely the petition and the action may not continue. *Mahoney*, 807 S.W.2d at 506. The dismissal of plaintiffs' action without prejudice was thus a non-suit under the savings statute, allowing plaintiffs to commence a new action within one year of the non-suit. Plaintiffs met this requirement by filing the 1993 petition on April 8, 1993, within one year of the April 24, 1992 dismissal.[3]

Defendant's challenge is directed to whether the 1989 petition "commenced" the action. Rule 53.01 defines when an action is "commenced" as that term is used in the savings statute. *Ostermueller v. Potter*, 868 S.W.2d 110, 110–11 (Mo. banc 1993). The rule provides that a civil action is commenced by filing a petition with the court. Rule 53.01.

■ Although prior versions of Rule 53.01 imposed other requirements, those requirements are no longer in the rule. Thus, to "commence" an action, it is no longer necessary that a plaintiff also use due diligence in the service of process, *Ostermueller*, 868 S.W.2d at 111, or bring the action in a court of proper venue. *State ex rel. DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 821–23 (Mo. banc 1994).

An affidavit is not a prerequisite to commencing a medical malpractice action. "Section 538.225, of course, does not operate until after the petition is filed and the incidents of jurisdiction to adjudicate are met." *Mahoney*, 807 S.W.2d at 509. "The affidavit procedure of § 538.225 serves to free the court system from frivolous medical malpractice suits at an early stage of litigation, and so

facilitate the administration of those with merit." *Id.* at 510.

Even if the filing of the improper affidavit in the 1989 action was done in bad faith or negligently, the trial court had jurisdiction over the 1989 action when it was filed and it was "commenced" as defined in Rule 53.01 within the limitations period. The subsequent dismissal resulted in a non-suit and the filing of the 1993 petition within one year of the non-suit was permitted under the savings statute.

Reversed and remanded.

CRANDALL and DOWD, JJ., concur.

---

2. Section 516.230 provides, in relevant part:

  If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer[s] a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered....

3. Also within the one year period, plaintiffs filed and dismissed a second petition. This action does not affect this case. The savings statute permits more than one action to be filed, so long as the first and any subsequent suits are filed within the one year savings period after the nonsuit. *Cady v. Harlan*, 442 S.W.2d 517, 520 (Mo. 1969).