Ron BAILEY, Appellant,

v.

INNOVATIVE MANAGEMENT & IN-
VESTMENT, INC., Stanley–Bostitch
Manufacturing Company, and T & G
Construction, Respondents.

No. 76670.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1994.

As Modified Jan. 24, 1995.

Rehearing Denied Jan. 24, 1995.

Jeffrey S. Thomsen, Debbie S. Champion, St. Louis, for appellant.

David R. Buchanan, John S. Rollins, Kansas City, for respondents.

THOMAS, Judge.

Plaintiff Ron Bailey was injured when a pneumatic nailer (nail gun) was accidentally discharged by a co-worker, K.C. Thompson, causing a nail to enter Bailey's head. Bailey originally sued Thompson's employer, Innovative Management. He later joined the manufacturer of the nail gun as a defendant. This appeal is from the trial court's granting of defendant/manufacturer's motion for summary judgment based on the statute of limitations. We reverse and remand.

## I. NOTICE OF APPEAL

Before discussing the statute of limitations, we must first determine whether Bailey's filing of the notice of appeal was timely, thereby giving this Court jurisdiction to hear the matter. Under Rule 81.04(a), a notice of appeal must be filed within ten days after the judgment becomes final. If no motion for new trial is filed, judgment becomes final thirty days after the entry of judgment. Rule 81.05(a). This results in a total of forty days from final judgment until the notice of appeal must be filed. Under the version of the rule in effect at the time of this trial, if a motion for new trial was filed, judgment became final when the judge ruled on the motion for new trial, or, if no ruling was made on the motion for new trial, then on the ninetieth day after filing when the motion for new trial is deemed to be overruled. Under this scenario, the notice of appeal was required to be filed within ten days after such ruling. Rule 81.05(a).[1]

The trial court granted defendant Bostitch's motion for summary judgment on the basis of the statute of limitations. Bailey then filed a motion for reconsideration. The motion for reconsideration was overruled on February 4, 1993. A motion for reconsideration of a ruling granting summary judgment that disposed of all issues in a case is treated as a motion for new trial for purposes of determining when the notice of appeal must be filed under Rule 81.05(a). *Taylor v. United Parcel Service*, 854 S.W.2d 390, 392 (Mo. banc 1993). However in this instance the ruling on the motion for reconsideration dismissing defendant Bostitch was an interlocutory ruling under Rule 74.01(b) because the defendant Innovative Management remained in the case. Thus, the case was not appealable at the time of this ruling. *Magee v. Blue Ridge Professional Building Co.*, 821 S.W.2d 839, 842 (Mo. banc 1991). Innovative Management was voluntarily dismissed on February 10, 1993, at which point there was a final judgment and the case became appealable. The issue is whether the notice of appeal must be filed within forty days or ten days. The voluntary dismissal of a party does not consist of a ruling on a motion for new trial, and in fact no motion for new trial

1. Rule 81.05 was amended effective January 1, 1994, to provide that if the ruling for the new trial comes in the first thirty days after the judgment, then judgment becomes final on the thirtieth day after the judgment. Because Rule 81.04(a) allows ten days from the judgment becoming final to file a notice of appeal, this will allow for a minimum of forty days after the date of judgment for the notice of appeal to be filed after the entry of judgment.

was pending at the time of that dismissal. Rule 81.05(a), the thirty day rule, must apply because the event that triggers the imposition of final judgment is a disposition other than a ruling on a motion for new trial.

A final judgment existed for the first time on February 10, 1993, when Innovative Management was voluntarily dismissed; therefore, the plaintiff had forty days, until March 22, 1993, to file his notice of appeal. His notice of appeal, which was filed on March 3, 1993, was timely filed.

## II. STATUTE OF LIMITATIONS

### A. Facts

The injuries to the plaintiff Ron Bailey occurred on April 17, 1986. On April 8, 1991, nine days before the statute of limitations was to run, plaintiff filed a First Amended Petition to add the manufacturer of the nail gun as a defendant. The nail gun had the name "Bostitch" imprinted upon it, and the defendant named in the First Amended Petition was "Bostitch Manufacturing Company." Bostitch Manufacturing Company was the name of the manufacturer when the gun was made, but as the result of a merger the corporation's name had been changed to Stanley–Bostitch, Inc., which is a successor corporation to Bostitch Manufacturing Company. Service of process was attempted but returned *non est* on May 21, 1991, because Stanley–Bostitch would not accept process naming Bostitch Manufacturing Company. Plaintiff learned of the name problem from the *non est* service, and on July 19, 1991, amended the petition to name "Stanley–Bostitch, Inc." Service was properly made on August 7, 1991.

### B. Commencing the Action Within the Statute of Limitations

 This brings into play Missouri's rule for determining whether a lawsuit is timely filed when a petition is filed before the date upon which the statute of limitations is scheduled to run but service of process is not made until after that date. The statute of limitations is written in terms of when an action can be *commenced*.[2] Rule 53.01 provides that "[a] civil action is commenced by filing a petition with the court." We held in *Ostermueller v. Potter*, 868 S.W.2d 110 (Mo. banc 1993), that an action is commenced when filed regardless of whether service is obtained. In *Ostermueller*, the action was filed within the statute of limitations but service was not obtained and the action was dismissed for failure to prosecute. It was re-filed after the statute of limitations had run but within the one year period within which a dismissed action may be re-filed under section 516.230. Prior Missouri cases have held that commencing the action within the statute of limitations is dependent on the plaintiff exercising due diligence in attempting to serve the defendant. *Watson v. E.W. Bliss*, 704 S.W.2d 667 (Mo. banc 1986). The Court in *Ostermueller* pointed to the fact that Rule 53.01 had been amended to eliminate the requirement of suing out of process; it only requires the filing of a petition with the court to commence the action. *Ostermueller*, therefore, eliminates the requirement that the plaintiff exercise due diligence in serving process on the defendant. Thus, once the plaintiff's First Amended Petition adding the manufacturer was filed, the requirements of the statute of limitations were met.

### C. The Relation Back Doctrine

#### 1. Generally

If an amendment is filed after the statute of limitations has run, the critical issue is whether the cause of action is so changed by

**2.** The relevant statutes provide as follows:

**516.100. Period of limitation prescribed.—** Civil actions, other than those for recovery of real property, *can only be commenced* within the periods prescribed in the following section, . . . .

\*　　\*　　\*　　\*　　\*　　\*

**516.120. What actions within five years.—** Within five years:

\*　　\*　　\*　　\*　　\*　　\*

(4) . . . for any other injury to the person or rights of another not arising on contract and not herein otherwise enumerated. (Emphasis added.)

the amendment that it is a different cause of action than the one timely filed. In theory, if the amendment creates a different cause of action, the plaintiff is not entitled to maintain this new cause of action because it is not commenced within the statute of limitations.

The answer to this argument is found in what is generally known as the relation back doctrine contained in the first sentence of Missouri Rule 55.33(c), which is patterned after Federal Rule of Civil Procedure 15(c). The Missouri relation back doctrine has its origin in *Daiprai v. Moberly Fuel & Transfer Co.*, 359 Mo. 789, 223 S.W.2d 474, 476 (1949). Under the relation back doctrine if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 55.33(c). Thus, if the relation back doctrine is applicable, to the extent the amendment may correct an error in the pleading, the correction "relates back" to the original filing that was filed within the statute of limitations; therefore, it remains a cause of action that was commenced within the statute of limitations and thus is not barred.

### 2. Amendments Changing or Adding Parties

An amendment which changes or adds parties is particularly susceptible to the argument that the amended cause of action is a different cause of action because it is brought by or against a different party. Rule 55.33(c) further provides that the relation back doctrine applies to a change of party only if, in addition to the usual requirements for the relation back doctrine, the party to be brought in "(1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Rule 55.33(c). This is the only portion of the relation back doctrine as set forth in Rule 55.33(c) that requires notice.

Because of these additional requirements when an amendment changes or adds a par-

ty, it is important to distinguish between a misnomer, which is a mistake in some aspect of a party's name, and changing or adding a party. *Watson*, 704 S.W.2d 667, is the leading misnomer case. In *Watson*, the plaintiff intended to sue E.W. Bliss Co. (Old Bliss), the original manufacturer of a punch shear machine that injured the plaintiff. Between the time of the injury and the suit, Old Bliss had been merged into and through a whole series of subsidiaries of Gulf and Western, Inc., and operated as "E.W. Bliss Division, Gulf & Western Manufacturing Company." The plaintiff originally sued "E.W. Bliss Company, Gulf & Western Heavy–Duty Division," an entity that never existed. After the statute of limitations had run, the plaintiff attempted to serve various subsidiaries of Gulf & Western Industries, Inc. Service was ultimately obtained through CT Corporation, the defendant's agent, who accepted service on behalf of E.W. Bliss Company. In *Watson*, we held that plaintiff's post-statute of limitations amendment was a correction of a misnomer and not a change or addition of a party. The Court reasoned that, using an objective standard, it is reasonable to conclude that plaintiff wanted to sue the company which manufactured the press, or that company's successor in interest. The Court emphasized that the plaintiff's description of the defendant never focused solely on the corporate name. Because this was simply a misnomer rather than adding or changing the name of a party, the plaintiff was not required to meet the notice requirements of Rule 55.33(c) for a change or addition of parties.

### D. Defendant's Contentions

■ Defendant makes three arguments. The first argument is that the Second Amended Petition filed after the statute of limitations had run that changed defendant's name from Bostitch Manufacturing Company to Stanley–Bostitch Inc., was a change of parties or the addition of a party and that the plaintiff did not meet the requirements of Rule 55.33(c). We disagree. Defendant fails to distinguish between a change of party and a misnomer. *Watson* makes it clear that this is merely a misnomer case and that the defendant's claim that the amendment constituted a change of party is without merit. As

in *Watson*, the plaintiff in this case intended to sue the original manufacturer of the nail gun. Stanley–Bostitch Inc. is a successor to Bostitch Manufacturing Company, the defendant named in the first amended petition. Thus, the same corporation was named in both petitions; in the first petition it is named by its former name and in the second it is named by its current name. There is no doubt that both references are to the corporation that manufactured the nail gun. This is a classic example of a misnomer case. Defendant's argument to the contrary is rejected.

The present case and *Watson* should be distinguished from cases in which the petition filed before the statute of limitations names some other party in existence, not because of mistake in the name but because the pleader attempts to name a different party. For purposes of the present case we hold that it is essential to the misnomer that the corporation originally named, Bostitch Manufacturing Company, was not in existence but was a predecessor corporation to the ultimate correct defendant, Stanley–Bostitch Inc. We do not need to decide at this time the extent to which the misnomer category may apply to other circumstances if any; we will leave the fleshing out of this requirement to future cases. *See Hoey v. St. Luke's Episcopal Presbyterian Hospital*, 713 S.W.2d 636 (Mo.App.1986); *Hummel v. Button*, 541 S.W.2d 737 (Mo.App.1976); *Maddux v. Gardner*, 239 Mo.App. 289, 192 S.W.2d 14 (1945).

■ Defendant also argues that a mistake in a name cannot be treated as a misnomer unless service of process has been made on the proper defendant. It is true that in previous cases where misnomers were an issue, the amendment changing the name was filed after service of process. If this ever was a requirement, we believe this requirement is no longer applicable in light of our holding in *Ostermueller*, which establishes that service of process is not required for commencing the lawsuit within the statute of limitations. Under *Ostermueller*, service is only required to avoid dismissal for failure to prosecute the claim and even if that occurs, if the other requirements are met, the action can be re-filed.

■ Defendant's third argument is that the relation back doctrine has no application here because the amendment correcting the misnomer was filed before the defendant was served with notice of the First Amended Petition adding the manufacturer as a defendant. Defendant contends that the Second Amended Petition correcting the misnomer cannot "relate back" unless the defendant has notice of the First Amended Petition adding the defendant to the lawsuit. Defendant argues that

> when the second amended petition was filed, the first amended petition was abandoned. Because the first amended petition was the instrument tolling the statute, its abandonment allowed the statute to run.... [R]elation back does not apply at all—the petition was filed out of time and the cause of action is barred by the statute of limitations.

*Brief of Defendant/Respondent*, pp. 6–7. Under *Ostermueller*, the statute of limitations was met when the First Amended Petition was filed before the statute of limitations ran. Therefore, meeting the statute of limitations no longer depends on the tolling of the statute. Defendant's point is rejected.

Defendant claims plaintiff should have served an alias summons on Stanley-Bostitch, Inc., before filing the Second Amended Petition correcting the misnomer. An alias summons would recite that the Bostitch Manufacturing Company named in the petition was actually Stanley-Bostitch, Inc. Were we to adopt this position, we would not only be ignoring the holding in *Ostermueller* but would be creating a distinction without a difference between the circumstances where the plaintiff first obtains service and then amends the petition (which defendant's argument concedes is to be treated as commenced within the statute of limitations) from the circumstance where the petition is amended before the service is obtained (which the defendant's argument would treat as barred by the statute of limitations). We refuse to create this kind of trap for the unwary. Because the amendment correcting the misnomer from Bostitch Manufacturing Company to Stanley–Bostitch, Inc., arose out of the conduct, transaction, or occurrence set forth

in the First Amended Petition, the amendment relates back to the filing of the First Amended Petition.

The defendant's point is rejected.

We reverse and remand.

All concur.