**Paula J. HERCH, Appellant,**

v.

**Michael C. CRONEN, D.O., Respondent.**

**No. WD 49783.**

Missouri Court of Appeals,
Western District.

June 27, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Application to Transfer Denied
Sept. 19, 1995.

William H. Pickett, David T. Greis, Kansas City, for appellant.

Gordon N. Myerson, Gary J. Willnauer, Myerson, Monsees & Morrow, Kansas City, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

ELLIS, Judge.

Paula J. Herch, (Herch), appeals from an order sustaining a Motion to Dismiss filed by Dr. Michael C. Cronen, D.O., (Cronen) in a medical malpractice action. On September 18, 1989, Herch filed her original petition in Jackson County Circuit Court against Cronen, Menorah Medical Center (Menorah) and Steven D. Waldman & Associates, Inc. (Waldman), alleging injuries arising from medical treatment given her by Dr. Cronen from September 24, 1987, to September 26, 1987. Service of process was obtained on Cronen and the other defendants. The case was voluntarily dismissed on May 31, 1991. Pursuant to Missouri's Savings Statute, § 516.230 [1], Herch refiled the case on June 1, 1992 [2].

Summons in this action were issued to the Sheriff of Jackson County, Missouri, on June 3, 1992, for service on Cronen, and on June 4, 1992, for service on the other defendants. Although service was obtained promptly on Menorah and Waldman, the summons on Cronen was returned "non-est" by the Sheriff on July 3, 1992.

A second summons was issued on May 4, 1993, to serve Cronen by special process server. However, no return was made on the summons. Finally, Herch requested an Alias Summons for Cronen on February 1, 1994, to be served by a special process server. Service was obtained on Cronen on

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

Section 516.230 reads in part, "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a non-

suit, ... such plaintiff may commence a new action ... within one year after such nonsuit suffered...."

2. May 31, 1992, was on a Sunday.

February 24, 1994, over twenty months after the case had been refiled.[3] Cronen filed a Motion to Quash Summons and Return of Service and/or Motion to Dismiss on March 23, 1994. The ground stated for dismissal of the petition was that "plaintiff failed to effect service of process with due diligence, with the result that plaintiff's petition is now barred by the applicable statute of limitation." Herch filed her response on April 15, 1994. On May 13, 1994, the trial court issued an order overruling Cronen's Motion to Quash Summons and Return of Service, but sustaining his Motion to Dismiss. The court's order stated: "Defendant's Motion to Dismiss Michael Cronen is **SUSTAINED.** Plaintiff's claims against Defendant Cronen are barred by the applicable statute of limitations." (Emphasis in the original). The order was made final and appealable under Rule 74.01(b) on June 24, 1994.

Our standard of review is set out in *In re Iris C. Brown Trust,* 873 S.W.2d 676, 678 (Mo.App.1994):

> In reviewing the dismissal of a petition, the pleading is allowed its broadest intendment, all facts alleged are treated as true, and all allegations are construed favorably to the plaintiff. *Martin v. Crowley, Wade & Milstead, Inc.,* 702 S.W.2d 57, 57 (Mo. banc 1985). Furthermore, bar of a statute of limitations is an affirmative defense and when a petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained. *Lehnig v. Bornhop,* 859 S.W.2d 271, 272 (Mo.App. 1993).

Herch contends the trial court erred in sustaining Cronen's motion to dismiss because the petition stated a claim upon which relief could be granted, and revealed on its face that it was not barred by the statute of limitations. We agree and therefore reverse the judgment of the trial court and remand for further proceedings.

We need not detail the allegations of the petition. Cronen makes no argument that the allegations are insufficient to state a claim upon which relief can be granted, if the statute of limitations does not bar the action. In that regard, Herch's petition alleged the previous filing of the action; the voluntary dismissal; and the refiling of the action within one year pursuant to § 516.230. Thus, on the face of the petition, it revealed a claim of being filed within the statute of limitations.

Cronen's claim that the action is barred by the statute of limitations is based on the contention that Herch failed to exercise due diligence in securing service of process on him. He contends that the twenty month delay in serving him demonstrates a lack of due diligence on Herch's part. He then submits that commencing the action within the statute of limitations was dependent on Herch exercising due diligence in attempting to serve him, and, according to Cronen, since Herch did not do so, the action is barred by the statute.

Herch argues that the doctrine of due diligence has no continuing vitality following the Missouri Supreme Court's decision in *Ostermueller v. Potter,* 868 S.W.2d 110 (Mo. banc 1993). In that case, the plaintiff filed a negligence action within the statute of limitations, but was unsuccessful in three attempts to obtain service on defendant. The trial court dismissed the case without prejudice for failure to prosecute. The plaintiff refiled within one year under the Missouri savings statute. Service was obtained on the defendant over five years after the alleged negligence occurred, five years being the statute of limitations in such actions. The defendant argued that the plaintiff's failure to exercise due diligence in service of process in the first action precluded the commencement of the first suit within the statute of limitations. The Missouri Supreme Court reversed the lower court's order of dismissal, finding that the plain language of Rule 53.01 as amended in 1972, "requires only the filing of a petition with the court to commence an action." *Id.* at 111. *Ostermueller* specifically rejected

---

**3.** Cronen devotes considerable space in his brief detailing the course of the litigation, including Herch's requests for continuances, discovery conducted by Herch and the other defendants, and related matters which he claims prove that Herch did not exercise diligence in securing service on him. Based on our resolution of the issue presented, we deem it unnecessary to recount such matters.

the ruling in *U.S. Laminating Corp. v. Consolidated Freightways Corp.,* 716 S.W.2d 847 (Mo.App.1986), which required that plaintiffs use due diligence in serving process before the savings statute could be invoked.

Cronen argues that *Ostermueller* is distinguishable from the case at bar because it deals with lack of due diligence of service in the first suit whereas in the instant case timely service was obtained in the first suit, but Herch failed to use due diligence in serving process in the suit refiled under the savings statute. This argument is unpersuasive. Herch filed her second suit within the statute of limitations under the savings statute. Therefore, under the plain meaning of Rule 53.01, that suit was commenced by its filing and the statute of limitations was thereby tolled.

This conclusion is supported by our Supreme Court's recent decision in *Bailey v. Innovative Management & Inv.,* 890 S.W.2d 648 (Mo. banc 1994). In *Bailey,* the Court stated that *Ostermueller* held that "an action is commenced when filed regardless of whether service is obtained." *Id.* at 650. The Court likewise declared that "[u]nder *Ostermueller,* service is only required to avoid dismissal for failure to prosecute the claim and even if that occurs, if the other requirements are met, the action can be refiled." *Id.* at 652.

We therefore conclude that *Ostermueller* is controlling and that since Herch's petition was filed within one year after the voluntary dismissal, her action against Cronen is not barred by the statute of limitations. Even assuming, *arguendo,* that Herch failed to exercise due diligence in serving Cronen, such fact would not result in Herch's action being barred by the statute of limitations based on the holdings in *Ostermueller* and *Bailey.*[4] This conclusion is dispositive of the appeal and we therefore need not address Herch's other arguments.

The order of the trial court sustaining the motion to dismiss is reversed and the case is remanded for further proceedings.

All concur.

---

4. The parties debate in their briefs whether the trial court treated the motion to dismiss as one for summary judgment pursuant to Rule 55.27(a)(12). Even if the court did treat the motion as having been automatically converted to one for summary judgment (and there is no indication it did), our decision would be the same because the extraneous matter the court might have considered would only have tended to demonstrate a lack of due diligence by Herch.