Shawn and Barbara K.
KEYS, Appellants,

v.

Lee NIGRO, Braham J. Geha, Christopher
B. Geha, Ward Parkway Medical Group,
and St. Joseph Health Center, Respondents.

No. WD 50572.

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

David Greis, Kansas City, for appellants.

Kevin Murphy, J. Michael Schaffer, Gregory Forney, Timothy M. Aylward, Ted Osburn, Bradley Honnold, Kansas City, for respondents.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

In 1993, Shawn and Barbara Keys sued Dr. Lee Nigro, Dr. Braham J. Geha, Dr. Christopher B. Geha, the Ward Parkway Medical Group and St. Joseph Health Center (respondents) for medical malpractice. The circuit court dismissed the Keyses' lawsuit on the ground that because they had not exercised sufficient diligence in obtaining service of process on the respondents, the statute of limitations barred their lawsuit. We reverse the circuit court's judgment as to Nigro, Braham Geha, and the Ward Parkway Medical Group and remand for further proceedings, but affirm as to Christopher Geha and St. Joseph Health Center.

The Keyses filed their lawsuit against the respondents on January 13, 1993. The Keyses alleged that Shawn Keys received health care services from the doctors before, on and after January 14, 1991. They also alleged that Shawn Keys last received medical treatment at Ward Parkway Medical Group on January 21, 1991, and at St. Joseph Health Center on January 4, 1991.

Nigro filed a motion for summary judgment on March 5, 1994, in which he contended that the last day he treated Shawn Keys was on January 10, 1991; therefore, the suit against him was time-barred. The Keyses responded with Shawn Keys' affidavit stating that the last day he received treatment from Nigro was on January 14, 1991. The circuit court denied Nigro's motion for summary judgment holding that the Keyses established that a genuine issue of material fact existed as to the last date Nigro rendered medical care to Shawn Keys.

Nigro, however, before the circuit court denied his motion for summary judgment, filed supplemental suggestions in support of his motion for summary judgment, alleging that the statute of limitations had expired because the Keyses failed to exercise sufficient diligence in serving him with process. The circuit court acknowledged in its order these supplemental suggestions and gave the Keyses time to respond. The Keyses did not respond, so, on December 6, 1994, the circuit court granted Nigro's motion for summary judgment on the ground that the Keyses had not been sufficiently diligent in serving process on Nigro.

On May 12, 1994, Braham Geha and the Ward Parkway Medical Group filed a motion to dismiss the Keyses' lawsuit in which they also asserted that the suit was time-barred because of a lack of sufficient diligence in serving them with process. On May 24, 1994, Christopher Geha moved to dismiss on the same grounds, and on June 10, 1994, St. Joseph Health Center did, too. The circuit court granted all these motions.

The Keyses argue that the circuit court erred in dismissing their lawsuit because due diligence is not required to toll the two-year limitation codified in § 516.105, RSMo 1994. We agree.

■■■ The doctrine of due diligence has no continuing vitality in Missouri after the Missouri Supreme Court's decision in *Ostermueller v. Potter*, 868 S.W.2d 110 (Mo. banc 1993).[1] In that case, the plaintiff filed a negligence action within the statute of limitations, but was unsuccessful in three attempts to serve the defendant with process. The circuit court dismissed the case without prejudice for failure to prosecute. The plaintiff refiled within one year under the Missouri savings statute. The plaintiff served the defendant over five years after the alleged negligence action occurred and after the five-year statute of limitations had expired. The defendant argued that the plaintiff's failure to exercise sufficient diligence in serving process in the first action barred the action under the statute of limitations. The Missouri Supreme Court held that pursuant to the plain language of Rule 53.01 (as amended in 1972), the rule requires only the filing of a petition with the court to commence an action. *Id.* at 111. The Court specifically rejected the ruling in *U.S. Laminating Corporation v. Consolidated Freightways Corporation*, 716 S.W.2d 847 (Mo.App.1986), which made diligence in serving process a requisite to invoking the savings statute.

The Supreme Court reaffirmed this holding in *Bailey v. Innovative Management and Investment, Inc.*, 890 S.W.2d 648 (Mo. banc 1994). In that case, the court considered a lawsuit in which the plaintiff filed a petition before the expiration of the limitations period but did not serve process until after that date. The court reasoned that the statute of limitations is written in terms of when an action can be commenced and that Rule 53.01 provides that [a] civil action is commenced by filing a petition with the court. *Id.* at 650. The Court acknowledged its holding in *Ostermueller* that an action is commenced when filed regardless of whether service is obtained and held that *Ostermueller* eliminated the requirement of diligence in serving process on a defendant. *Id.* The court said that under *Ostermueller*, service is only required to avoid dismissal for failure to prosecute the claim and even if that occurs, if the other requirements are met, the action can be refiled. *Id.* at 652.

■■■ *Ostermueller* is controlling. Diligence is not a factor in considering whether an action has been commenced within the statute of limitations.[2] Because a genuine issue of material fact remains as to when Nigro last treated Shawn Keys, we cannot be certain that the Keyses' petition is barred by the statute of limitations. Further, because the alleged *medical malpractice committed by Braham Geha and Ward Parkway Medical Group occurred within the two-year limitation*, the Keyses' action against Geha and Ward Parkway Medical Group should not be dismissed.

■■■ Braham Geha and Ward Parkway Medical Group complain that § 506.110.2, RSMo 1994, and Rule 53.01 conflict concerning the requirement of suing out of process to commence a lawsuit. Geha and Ward Parkway Medical Group acknowledge that the Missouri Constitution[3] gives the Supreme Court authority to establish rules relating to practice, procedure and pleading for all courts provided that the rules do not change substantive rights. Geha and Ward Parkway Medical Group contend that substantive rights are involved with the due diligence requirement; thus, § 506.110.2 should be controlling. We disagree.

---

1. In *Ostermueller*, the Supreme Court said that the due diligence requirement was the judiciary's creation arising out of its interpretation of § 506.110.2, RSMo Supp.1992. That statute defined the commencement of a civil action as being the combination of the filing of the petition and suing out of process. In 1972, the Supreme Court amended Rule 53.01 to eliminate the suing out of process requirement, so now an action commences with only the filing of a petition. *Ostermueller*, 868 S.W.2d at 111.

2. See also our decision in *Herch v. Cronen*, 904 S.W.2d 453 (Mo.App.1995), for support of this conclusion.

3. Mo. CONST. art. V, § 5 (1945).

■ In *Ostermueller,* the Supreme Court said, Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose. 868 S.W.2d at 111. Because the *Ostermueller* court concluded that diligence is not a factor in determining when an action is commenced, it necessarily concluded that the requirement of suing out of process imposed by § 506.110.2 was a procedural matter. Rule 53.01, therefore, governs.

■ Nigro complains that because the Keyses did not respond to his supplemental suggestions in support of his motion for summary judgment, the circuit court properly granted his motion for summary judgment. Summary judgment, however, is proper only if the court determines that the movant has made a *prima facie* showing of being entitled to judgment as a matter of law. Rule 74.04. Nigro did not make such a showing because diligence is not a factor in determining when an action is commenced. Hence, based upon the pleadings and Shawn Keys' affidavit, the circuit court could not enter summary judgment as a matter of law because a genuine issue of material fact as to when Nigro last treated Shawn Keys was in dispute.

Christopher Geha raises a similar argument in response to the trial court's granting his motion to dismiss for lack of sufficient diligence. Geha asserts that because the Keyses did not take a position on his motion to dismiss, they cannot now complain on appeal that the dismissal was improperly granted. Christopher Geha contends that the Keyses cannot raise the diligence argument on appeal because they did not raise it and preserve it for review in the circuit court. *E.g., Estate of Munzert,* 887 S.W.2d 764, 769 (Mo.App.1994). We disagree.

■ A court should not sustain a motion to dismiss contending expiration of the statute of limitations if the facts pleaded in the petition do not show that the statute of limitations bars the action. *In re Brown Trust,* 873 S.W.2d 676, 678 (Mo.App.1994). Because diligence is not a factor in considering when an action is commenced, the circuit court should not have granted Christopher Geha's motion. Geha points to no requirement that

the Keyses respond to a motion to dismiss. Geha's point is without merit.

In addition to the due diligence issue which we have already rejected, Christopher Geha also asserts that the circuit court properly granted his motion to dismiss on two grounds: that the circuit court's dismissal actually was for failure to prosecute not time-barred by the statute of limitations and that the Keyses' did not file a medical affidavit under the requirements of § 538.225, RSMo 1994. The circuit court's order said:

Defendant Christopher Geha, M.D. filed a motion to dismiss for lack of due diligence in obtaining service of process. Defendant Christopher Geha, M.D. was not served until 14 months after the two year statute of limitations expired. [The Keyses] also failed to file an affidavit as required by § 538.225, R.S.Mo. within 90 days after the lawsuit was filed. Further, [the Keyses] never responded to these motions. Defendant Christopher Geha, M.D.'s motion to dismiss for lack of due diligence in obtaining service of process is granted. The fact that plaintiff failed to file an affidavit pursuant to § 538.225 R.S.Mo. further warrants dismissal as well.

We reject out of hand Christopher Geha's contention that the circuit court actually dismissed the Keyses' suit for failure to prosecute. The court explicitly said that it dismissed the suit because it was after the two year statute of limitations expired.

■ We, however, agree that the Keyses' failure to file an affidavit was an alternative basis for dismissing their suit. The Keyses do not argue that they filed an affidavit. They instead assert that the circuit court could have dismissed only without prejudice. We agree. Dismissal without prejudice is the only sanction available under [§ 538.225] for failure to comply with the affidavit requirement. *Korman v. Lefholz,* 890 S.W.2d 771, 773 (Mo.App.1995). A circuit court commits error if it dismisses an action with prejudice for noncompliance with § 538.225. *Id.* Hence, the circuit court's dismissal of the Keyses' lawsuit against Christopher Geha was without prejudice.

Finally, St. Joseph Health Center asserts that the circuit court properly dismissed the Keyses' action against it because their claims were barred by the statute of limitations. In reference to St. Joseph Health Center, the Keyses' petition listed January 4, 1991, as the last date of contact with Shawn Keys. The Keyses recognize that they filed their petition nine days after the statute of limitations had expired, but they argue:

> [G]iven the uniform dismissal on the basis of lack of due diligence, which ... was erroneous, it is respectfully suggested that the better course of action with reference to Defendant Hospital is to permit [the Keyses] on remand to determine whether there was any continuing treatment which would have extended the statute of limitations, and if so, amend the petition, and if not, then dismiss it with prejudice as to Defendant Hospital.

We must affirm the lower court's dismissal if it can be sustained on any ground which is supported by the motion to dismiss, regardless of whether the circuit court relied on that ground. *Muzingo v. Vaught,* 887 S.W.2d 693, 694 (Mo.App.1994). 'If it clearly appears from the petition that the cause of action is barred by limitations, a motion to dismiss is properly sustained.' *Id. (quoting Hall v. Smith,* 355 S.W.2d 52, 55 (Mo.1962)). We conclude that the circuit court properly dismissed the Keyses' action against St. Joseph Health Center.

Nigro, Braham Geha, and Ward Parkway Medical Group ask us to transfer this case on our own motion to the Missouri Supreme Court pursuant to Rule 83.06 so that the Supreme Court can revisit the diligence requirement. Because the Supreme Court has on two occasions dealt directly with the due diligence requirement, we see no need to transfer. Further, the respondents will have an opportunity to file a motion to transfer to the Supreme Court after this decision.

We reverse the judgment of the circuit court as to Nigro, Braham Geha, and the Ward Parkway Medical Group and remand for further proceedings. We affirm the judgment of the circuit court as to St. Joseph Health Center and Christopher Geha with the *proviso* that the dismissal of the Keyses' petition against Christopher Geha was without prejudice.

All concur.

