8 S.W.3d 906 (2000)
In the Estate of Earl KLAAS, Deceased.
Lee H. Bushie, Personal Representative Ad Litem, Petitioner,
v.
Debra K. Brown, James E. Brown, and Edna M. Brown, Respondents.
No. 22906.
Missouri Court of Appeals, Southern District, Division Two.
January 13, 2000.
*907 Lee H. Bushie, Beger & Bushie, L.C., Rolla, for appellant.
No brief filed by respondents.
JAMES K. PREWITT, Judge.
Earl Klaas died on August 26, 1990, while a resident of Maries County, Missouri. His Will was admitted to probate, and Letters Testamentary were granted to Albert Bray, Public Administrator, on December 28, 1990. In his capacity as personal representative, Albert Bray filed a Petition for Discovery of Assets pursuant to Section 473.340, RSMo 1986, against Steven P. Brown on March 20, 1991. Bray filed a motion to add additional parties on February 11, 1992. On March 6, 1992, the trial court sustained the motion and added defendants Debra K. Brown, James E. Brown, and Edna M. Brown, Respondents herein. The court ordered the clerk to *908 send a copy of the Order to the additional parties.[1]
On March 15, 1993, Lee H. Bushie was appointed Personal Representative Ad Litem and issued Letters Testamentary.
Respondents Debra K. Brown, James E. Brown, and Edna M. Brown filed a Separate Answer on June 9, 1998, alleging that the action against them was barred by the statute of limitations, Section 516.120, RSMo 1994, which requires an action to be commenced within five years after the cause of action accrued. Respondents based this contention on the fact that they were not served with process until May 20, 1998, more than five years after any of the acts complained of occurred. Respondents also sought Summary Judgment based on the same argument.
A hearing on the motion for summary judgment was set for August 28, 1998. On that date, prior to the hearing, the Personal Representative Ad Litem filed a voluntary dismissal "without prejudice" of the claim against Respondents. Thereafter, the trial court entered judgment in favor of Respondents on October 9, 1998, finding that "the statute of limitations was not tolled" as to them.
Between the date of the hearing, and the ruling, the Personal Representative Ad Litem filed a second Discovery of Assets Petition against Respondents on September 24, 1998. Respondents were served with that petition on October 14, 1998. On January 4, 1999, Respondents again filed a Motion for Summary Judgment based upon a statute of limitations defense. The trial court sustained that motion and entered Judgment on April 2, 1999, "on the grounds that the statute of limitations bars the claim of Plaintiff and on the further grounds that the Judgment of the court dated August 28, 1998," was a final judgment that barred the claim.[2]
Appellant filed this appeal from the judgment granting the summary judgment motion and dismissing the petition as time barred. Respondents did not file a brief. While there is no penalty for that omission, it requires this court to adjudicate Appellant's claims of error without the benefit of whatever argument, if any, Respondents could have made in response. Sherrod v. Director of Revenue, 937 S.W.2d 751, 752 (Mo.App.1997).
The trial court's ruling on the motion for summary judgment was based upon a conclusion of law. It concluded Plaintiff's claims are barred by the statute of limitations. We independently review a question of law. Serafin v. Med 90, Inc., 932 S.W.2d 422, 424 (Mo.App.1996).
The original Petition for Discovery of Assets was filed March 20, 1991. Respondents were added as additional parties by Order dated March 6, 1992. By Respondents admission, the acts complained of occurred within five years of the filing of the petition. Actions for the taking of any goods or chattels, including actions for the recovery of specific personal property, have a five year statute of limitations. § 516.120(4), RSMo 1994. The original petition and the order adding Respondents in this case was filed within the five years of the alleged acts. The action was commenced upon the filing of the petition, and therefore within the limitation period.
Respondents argued to the trial court that because they were not actually served with process that the statute of limitations barred the claim against them. Missouri no longer requires due diligence in serving a party to save a claim from being time barred by limitations. Ostermueller v. Potter, 868 S.W.2d 110, 111 (Mo.banc 1993); Keys v. Nigro, 913 S.W.2d 947, 949 (Mo.App.1996). Diligence is not a factor in determining when an action is commenced, nor is it necessary to invoke *909 the savings statute, Section 516.230. Id. at 949-950.
We conclude that the action was timely commenced against Respondents when Appellant's motion to add parties was sustained on March 6, 1992, which date was prior to the five-year limitation period.
Appellant filed a Voluntary Dismissal on August 28, 1998. The parties stipulate, pursuant to Rule 81.13, that the dismissal was filed prior to the hearing on that day of Respondents' first motion for summary judgment.
A trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence. The trial court may take no further action as to the dismissed action and any step attempted is a nullity. P.R. v. R.S., 950 S.W.2d 255, 256 (Mo.App. 1997). See also Norris v. Johnson, 599 S.W.2d 90, 91 (Mo.App.1980). "Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, `it is as if the suit were never brought.'" Curators of University of Missouri v. St. Charles County, 985 S.W.2d 810, 814 (Mo.App. 1998).
The voluntary dismissal in this case was filed prior to the granting the motion for summary judgment. Therefore, the judgment entered on October 9, 1998, after the voluntary dismissal was filed, is a nullity.
Appellant again filed a Petition for Discovery of Assets against Debra Brown, James E. Brown and Edna Brown, on September 24, 1998. Respondents were properly served with this petition on October 14, 1998. This second filing was within one year of the Voluntary Dismissal filed on August 28, 1998. Section 516.230, the "savings statute," allows a suit to be refiled within one year after plaintiff suffers a nonsuit in certain situations. Dismissal without prejudice is a species of "nonsuit." State ex rel. Buchanan County v. Roach, 548 S.W.2d 206, 209 (Mo.App. 1977). The Petition filed on September 24, therefore, was timely filed and served upon Respondents.
Our review of a ruling on summary judgment is essentially de novo. The propriety of summary judgment is purely an issue of law, and the appellate court need not defer to the trial court's order. ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo.banc 1993).
The second Summary Judgment granted by the trial court dated April 2, 1999, stated that it was based upon two reasons: that the statute of limitation barred the claim against Respondents, and that the August 28, 1998 judgment of the court became final in the absence of an appeal, and therefore barred the claim. As previously addressed, the statute of limitation did not bar the claim. Second, because the trial court lost jurisdiction of the matter upon the filing of the Voluntary Dismissal, the August 28 judgment was a nullity, cannot be enforced, and should be set aside.
The purported summary judgments entered by the trial court are reversed and the cause remanded for further proceedings.
MONTGOMERY, P.J., and BARNEY, J., concur.
NOTES
[1] Mary W. Sheffield, Associate Circuit Judge, signed the Order.
[2] As earlier noted, this "judgment" was entered on October 9, 1998.