**STATE of Missouri, Plaintiff–Respondent,**

v.

**Mark J. MORRIS, Defendant–Appellant.**

**No. SD 32045.**

Missouri Court of Appeals, Southern District, Division One.

May 15, 2013.

---

Mark J. Morris, Appellant Acting Pro Se.

Chris Koster, Atty. Gen., Jennifer A. Rodewald, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, J.

On July 19, 2000, Mark Morris ("Appellant") was arrested for a violation of the class B felony of possession of a controlled substance with the intent to distribute; at that same time, the Springfield Police Department seized $4,447.00 and a mobile phone. On July 27th, the State filed a verified petition for forfeiture of that money claiming Appellant possessed the property while engaged in the perpetration of criminal activity, specifically, that the currency was used or intended to be used to facilitate the exchange of a controlled substance or was proceeds traceable to an exchange of a controlled substance. The docket sheet does not reflect that a summons was ever issued to Appellant nor was notice given to Appellant at the time of filing.

The felony complaint was filed against Appellant on January 18, 2001; Appellant subsequently pled guilty on August 13, 2001, and was sentenced on October 19, 2001. In February of 2004, the forfeiture case was placed on a dismissal docket with

the admonition "to avoid dismissal, the court requires filing of a formal pleading, notice to opposing parties and counsel, and an appearance prior to April 15, 2004." The State filed a motion to remove the case from the dismissal docket; however, there is no certificate of service to Appellant in the copy of that motion provided to this Court. A similar notice of intent to dismiss was entered by the court on January 18, 2006, and August 15, 2007. On September 4, 2007, the State filed a motion to remove the case from the dismissal docket and filed a certificate of service to Appellant at a street address in Springfield, MO. Likewise, another dismissal notice and subsequent motion to remove from the dismissal docket was filed in 2009, with the certificate of service showing the same address in Springfield, MO. Another request to remove the case from the dismissal docket was filed in November 2010, with a certificate of service to Appellant at a similar Springfield, MO, address. Finally, the case was again set for dismissal in July 2011, but the State filed another motion to remove it from the dismissal docket in June 2011, with a certificate of service to Appellant at the Algoa Correctional Center. The summons for this action was not issued until October 2011; Appellant filed an objection to the prosecution of the forfeiture and a summary judgment motion for the reason that the statute of limitations, section 513.630,[1] had run and the case was time-barred. The court entered judgment on the forfeiture on January 10, 2012.

Appellant appeals claiming four errors: (1) the statute of limitations expired on or about October 19, 2005, which was five years after Appellant pled guilty; (2) the trial court erred in removing the case from the dismissal docket because the prosecutor did not follow the order by submitting written pleadings and notice to Appellant; (3) the forfeiture violated the 14th Amendment, Section 1, in that the only notification that Appellant received was in June of 2011 and Appellant was not given the opportunity to be present and heard; and (4) the court erred in failing to respond to Appellant's amended motion for summary judgment because Rule 74.04(c) requires a response to the motion for summary judgment. The State responds that (1) the petition was timely filed and it does not matter when a summons is issued, (2) the State was free to disregard the court's dismissal order of a formal pleading and notice because no rule or statute mandates such requirements, (3) Missouri's rules of civil procedure do not require the service of the original petition, due process is met when the petition for forfeiture is filed within the mandated five-day period and Appellant did not request that the court issue a writ of habeas corpus so he could appear at the hearing, and (4) the trial court implicitly ruled on the summary judgment motion by entering judgment against Appellant on the forfeiture.

■ We will take Appellant's points out of order, for ease of discussion. The State is correct that the trial court did not have to respond to Appellant's Motion for Summary Judgment; it was the State that had the obligation to respond. The court did not have an obligation to find in favor of Appellant even though the State did not respond. The thrust of the summary judgment motion was a claim that the forfeiture was untimely. It is a reasonable inference that the summary judgment motion was denied when the trial court held a

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2013), unless otherwise specified.

trial on the merits of the petition. Point IV is denied.

Appellant's second point claims trial court error in removing this case from the dismissal docket on each occasion. Although it appears from the record that the trial court may not have followed its own order, the procedure to create and administer dismissal dockets is within the purview of the trial court. As such, it did not commit error even if it did not strictly adhere to the order stating the case would be dismissed if the State did not take certain actions. Because Appellant is claiming that he had no notice of the proceeding until 2011, he can hardly be prejudiced if he did not even know that the court was putting the case on and taking the case off the dismissal docket without his knowledge. Point II is denied.

Points I and III are related to the crux of the claim whether the late service of process was effective to preserve the claim set forth in the petition filed in 2000. The facts as presented to us indicate that though the forfeiture petition was filed in 2000, Appellant was sentenced in the felony case on October 19, 2001, and a summons to notify Appellant of the forfeiture suit was not issued until 2011. Appellant claims the statute of limitations for a Criminal Activity Forfeiture Act ("CAFA") action, under section 513.630, is five years "after the conduct terminates or the cause of action accrues." Additionally, the statute of limitations is tolled during the pendency of the criminal proceedings from which the forfeiture action derives. Section 513.630.

The State claims that Missouri's Rule 53.01 and *Ostermueller v. Potter*, 868 S.W.2d 110 (Mo. banc 1993), do not require prompt, immediate, or even a reasonable time for service of the original petition and that the suit is considered as timely filed if the petition is filed even if there is no summons issued. Furthermore, the State claims there is not a due process violation for the lack of notice to Appellant as long as the State filed the petition within five days of the notice of seizure.[2] For support, the State cites *State v. Eberenz*, 805 S.W.2d 359 (Mo.App. E.D.1991):

> [T]he time limitations for the petition serve the purpose of requiring prompt notice to all owners that a seizure has occurred. The provisions enforce the due process guarantee intended to protect an individual against arbitrary acts of the government.... The time limitations are a mechanism for prompt notice which serves to protect guaranteed constitutional rights in these circumstances.

Rule 53.01 provides: "A civil action is commenced by filing a petition with the court." Rule 54.01(a) provides: "Upon the filing of a pleading requiring service of process, the clerk shall forthwith issue the required summons or other process."

There is no indication that a summons was issued in this case until 2011.[3] Nevertheless, the State is correct that *Ostermueller* provides that Rule 53.01 does not provide that an action commences with "suing out of process," it only requires the filing of a petition with the court to commence an action. Thus, the question before us is whether *Ostermueller* stands for the proposition that the petition is filed even if the clerk is not requested to issue a summons. The answer is "yes." *See Bai-*

2. The State also argues that a docket entry in 2004 indicating that the clerk was to notify "unrepresented parties" means that Appellant received notice in 2004. That conclusion is a stretch because Appellant had not been served and, as such, was not a party to the action. We cannot conclude that Appellant was served with the dismissal docket at that time.

3. The State has not contended otherwise.

*ley v. Innovative Management & Inv., Inc.,* 890 S.W.2d 648, 650 (Mo. banc 1994) (stating that *Ostermueller* "eliminates the requirement that the plaintiff exercise due diligence in serving process on the defendant"); *Townsend v. Eastern Chemical Waste Systems,* 234 S.W.3d 452, 461 (Mo. App. W.D.2007) ("In *Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993), the Missouri Supreme Court explicitly abolished the due diligence requirement."); and *Keys v. Nigro,* 913 S.W.2d 947, 949 (Mo.App. W.D.1996) ("*Ostermueller* is controlling. Diligence is not a factor in considering whether an action has been commenced within the statute of limitations."). Points I and III are denied.

The judgment is affirmed.

GARY W. LYNCH, P.J. and WILLIAM W. FRANCIS, JR., J., concur.